NO. 07-10-00273-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 8, 2011

UNIFUND CCR PARTNERS, APPELLANT

v.

EDDIE WATSON, APPELLEE

FROM THE COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY;

NO. 2010-079503-2; HONORABLE SIDNEY C. FARRAR, JR., JUDGE

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**OPINION**

Appellant Unifund CCR Partners appeals the trial court's order sustaining the plea to the jurisdiction of appellee Eddie Watson and dismissing the case. We will reverse and remand the case to the trial court for further proceedings.

Background

Unifund sued Watson. According to its live petition, Unifund was the assignee of a credit card account on which Watson defaulted. On May 3, 2010, Watson filed a plea to the jurisdiction alleging "[w]ithout some admissible evidence of the assignment,

[Unifund] lacks standing to bring its claims." Watson filed no evidence supporting his plea.

The clerk's record contains the response of Unifund with attached evidence. The response, under a cover letter from Unifund's attorney dated May 12, was received by the county clerk on May 14, 2010. On the same day, the trial court signed an order dismissing the case for want of jurisdiction. In part, the order states "[a]fter hearing arguments of counsel and reviewing the documents filed in this cause, the Court finds that [Watson's] Plea should be GRANTED." Unifund did not file a motion for new trial but timely perfected this appeal.

Analysis

Through a single issue, Unifund argues the trial court erred in granting Watson's plea to the jurisdiction and dismissing the case.[1] In support of its issue, Unifund argues in part that the trial court should have handled Watson's plea to the jurisdiction like a motion for summary judgment. As we read the parties' briefs, their chief dispute on appeal is whether Unifund presented a response with sufficient supporting evidence in opposition to Watson's plea to the jurisdiction. But because Unifund is correct that the procedure on a challenge of evidence supporting jurisdictional facts is like that for a traditional motion for summary judgment, *Texas Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 228 (Tex. 2004), our concern on review is not the timeliness or

---

[1] *See Malooly Bros, Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex. 1970), where the court concluded that a point of error stating generally that the trial court erred by granting summary judgment authorizes review of all possible grounds of trial court error in granting the summary judgment.

sufficiency of Unifund's evidence. Or, for that matter, whether it even filed a response. Rather, the question is whether Watson carried the burden that was his.

The basis of Watson's plea to the jurisdiction was Unifund lacked evidence to prove ownership of Watson's account, and thus could not show standing to assert its claims. Standing is a prerequisite to the trial court's subject-matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 553-54 (Tex. 2000). The issue of standing focuses on whether a party possesses a "justiciable interest" in the outcome of a suit. *Austin Nursing Center, Inc. v. Lovato,* 171 S.W.3d 845, 848 (Tex. 2005). Thus a real controversy between the parties that will actually be determined by the adjudication sought must exist. *Id.* (quoting *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 443-44 (Tex. 1993)). One who has a personal stake in the controversy has standing. *Robinson v. Neeley,* 192 S.W.3d 904, 907 (Tex.App.--Dallas 2006, no pet.). A party's standing may be challenged by a plea to the jurisdiction as well as by other procedural vehicles. *Bland,* 34 S.W.3d at 554.

A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject-matter jurisdiction. *Harris County v. Sykes,* 136 S.W.3d 635, 638 (Tex. 2004). Whether the trial court lacks subject-matter jurisdiction is a question of law we review *de novo. State v. Holland,* 221 S.W.3d 639, 642 (Tex. 2007).

A plaintiff is obligated to plead facts affirmatively demonstrating the subject-matter jurisdiction of the trial court. *Miranda,* 133 S.W.3d at 226; *see Texas Ass'n of Business,* 852 S.W.2d at 446 (discussing standing). "It has long been the rule that a plaintiff's good faith allegations are used to determine the trial court's jurisdiction." *Frost*

*Nat'l Bank v. Fernandez,* 315 S.W.3d 494, 502-503 (Tex. 2010). Whether a plaintiff's pleadings affirmatively demonstrate subject-matter jurisdiction also is a question of law. *Miranda,* 133 S.W.3d at 226. We liberally construe the plaintiff's petition, looking to the pleader's intent. *Holland,* 221 S.W.3d at 642-43; *City of Austin v. Leggett,* 257 S.W.3d 456, 461 (Tex. App.--Austin 2008, no pet.). A plaintiff should plead facts supporting jurisdiction although specific allegations about subject-matter jurisdiction are not required. *Tex. Dep't of Transportation v. Beckner,* 74 S.W.3d 98, 103-04, 104 n.10 (Tex.App.--Waco 2002, no pet.) (citing *Tex. Ass'n of Business,* 852 S.W.2d at 446 and Tex. R. Civ. P. 47, 78-82). To determine standing, a court may presume the truth of allegations supporting standing. *Fernandez,* 315 S.W.3d at 503.

"When a plea to the jurisdiction challenges the existence of facts alleged by the pleader to establish the trial court's subject-matter jurisdiction, the trial court must consider relevant evidence submitted by the parties." *Miranda,* 133 S.W.3d at 227 (citing *Bland,* 34 S.W.3d at 555). This standard generally mirrors that of a traditional summary judgment. *Id.* at 228; Tex. R. Civ. P. 166a(c). Thus, the trial court may consider affidavits and other summary judgment-type evidence. *FKM P'ship v. Board of Regents of Univ. of Houston Sys.,* 255 S.W.3d 619, 628 (Tex. 2008). The court takes as true evidence favorable to the nonmovant and indulges every reasonable inference and resolves any doubts in the nonmovant's favor. *City of Waco v. Kirwan,* 298 S.W.3d 618, 622 (Tex. 2009).

It is for the defendant to assert the absence of subject-matter jurisdiction and present conclusive proof that the trial court lacks subject-matter jurisdiction. *Miranda,*

4

133 S.W.3d at 228 (party asserting plea to jurisdiction must meet summary judgment standard of proof); *City of Austin v. Rangel,* 184 S.W.3d 377, 382 (Tex.App.--Austin 2006, no pet.) (defendant must first establish as a matter of law absence of subject-matter jurisdiction); *Dallas County v. Wadley,* 168 S.W.3d 373, 377, 378-79 (Tex.App.--Dallas 2005, pet. denied) (plaintiffs had no burden on defendant's plea to jurisdiction until defendant met its burden). If the defendant discharges this burden, the plaintiff must present evidence sufficient to raise a material issue of fact regarding jurisdiction or the plea will be sustained. *Miranda,* 133 S.W.3d at 228; *City of Dallas v. Heard,* 252 S.W.3d 98, 102 (Tex.App.--Dallas 2008, pet. denied). However, as with a traditional motion for summary judgment, if the defendant fails to present conclusive proof of facts negating subject-matter jurisdiction, the burden does not shift to the plaintiff to establish the existence of an issue of material fact. *See Wadley,* 168 S.W.3d at 378-79. This means that a defendant may not merely offer a pleading denying the existence of jurisdictional facts and by so doing force the plaintiff to present evidence sufficient to raise an issue of fact. *Rangel,* 184 S.W.3d at 382; *cf.* Tex. R. Civ. P. 166a(i) (no-evidence motion for summary judgment).[2] The plaintiff is thus protected from having to put on its case simply to establish jurisdiction. *See Miranda,* 133 S.W.3d at 228; *Wadley,* 168 S.W.3d at 377.

---

[2] Watson contends on appeal that Unifund failed to preserve error because it did not file a motion for new trial. The contention is based on the notion Unifund bore a burden to demonstrate its standing in response to Watson's plea to the jurisdiction. Because Unifund had no such burden, it is irrelevant whether the trial court considered its response received by the trial court clerk on the day of the hearing.

Here, in its live petition Unifund alleged: "In the usual course of business, First USA Bank NA, advanced funds to [Watson] pursuant to credit card #4266841040550913. [Unifund] is the assignee of this credit card agreement." While, as Watson points out, a document evidencing the assignment was not attached to the pleading, there is no such requirement. *See* Tex. R. Civ. P. 59. "Texas follows a 'fair notice' standard for pleading, which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant." *Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887, 896 (Tex. 2000). Unifund's pleading alleging its status as assignee of Watson's credit card account sufficiently plead its standing. *See Fernandez,* 315 S.W.3d at 503-04 (allegation in bill of review petition of will construction case that party was decedent's "non-marital child and, because of that relationship, she is entitled to an intestate inheritance . . ." sufficient to confer standing regardless of truth of alleged relationship or rebuttal of claim on merits).

Nevertheless, in his plea to the jurisdiction, Watson asserted the "underlying jurisdictional facts" were in issue. He argued Unifund lacked any evidence of assignment and was obligated to come forward with evidence sufficient to demonstrate an issue of fact. As noted, Watson offered no evidence supporting his plea. Nor did he argue or otherwise direct the trial court to evidence conclusively negating the claimed assignment.[3] By failing to make conclusive proof that Unifund did not occupy

---

[3] Watson notes on appeal that no reporter's record was made of the May 14 hearing on his plea to the jurisdiction. In the absence of a reporter's record, he argues, we must presume evidence sufficient to support the trial court's judgment was presented. Case law supports a general proposition that when a reporter's record is not

the claimed status of assignee of Watson's account, Watson did not carry his evidentiary burden. The burden of presenting evidence sufficient to raise a material issue of fact never shifted to Unifund. *Miranda*, 133 S.W.3d at 228; *Wadley,* 168 S.W.3d at 379. Unifund sufficiently plead its standing and Watson offered no evidence supporting his challenge of jurisdictional facts. The trial court erred in sustaining Watson's plea to the jurisdiction.

Conclusion

We sustain Unifund's issue, and remand the case to the trial court for further proceedings consistent with this opinion.

James T. Campbell
Justice

---

brought forward a reviewing court must presume the evidence before the trial court was adequate to support the judgment or order. *Parker v. Coppedge,* No. 07-05-0389-CV, 2006 Tex. App. Lexis 2373, at *2 n.2 (Tex.App.--Amarillo March 29, 2006, pet. denied) (per curiam, mem. op.). And live testimony sometimes is presented at a hearing on a plea to the jurisdiction. *See, e.g., Bland,* 34 S.W.3d at 550; *Pickett v. Texas Mut. Ins. Co.*, 239 S.W.3d 826, 839-40 (Tex.App.—Austin 2007, no pet.). But Watson does not tell us that evidence was presented at the May 14 hearing, and nothing in the record suggests the court heard evidence. As noted, the court's judgment indicates it was not based on evidence heard at the hearing, stating "after hearing arguments of counsel and reviewing the documents filed in this case, the Court finds that the Defendant's Plea should be GRANTED." Watson effectively asks us to presume both that the court heard evidence, and that it conclusively established Unifund lacked standing. Under the circumstances reflected in this record, we will not do so.