**Reverse and Remand; Opinion Filed June 12, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00984-CV

### FEDERAL NATIONAL MORTGAGE ASSOCIATION, Appellant
### V.
### JAMES EPHRIAM AND ALL OTHER OCCUPANTS, Appellees

**On Appeal from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-13-02444-A**

## MEMORANDUM OPINION
Before Justices Lang, Myers, and Brown
Opinion by Justice Myers

Federal National Mortgage Association appeals the trial court's judgment dismissing the suit for forcible detainer against James Ephriam and all other occupants for want of jurisdiction. Appellant brings three issues contending the trial court erred by (1) entering a dismissal for want of jurisdiction; (2) entering a dismissal for lack of standing; and (3) determining appellant lacked a right to immediate possession of the property because appellant's right to possession of the property was not dependent on the validity of the foreclosure sale. We reverse the trial court's judgment and remand the cause for further proceedings.

### BACKGROUND

In 1991, Ephriam signed a note for $68,600 and a deed of trust on a house securing payment of the note. The deed of trust stated that in the event of a sale under the deed of trust, appellees would become the tenants in sufferance of the purchaser, who "shall be entitled to

immediate possession and may enforce said right by appropriate action." On February 5, 2013, appellant purchased the property at a foreclosure sale. Appellant sent appellees written notice to vacate. When appellees did not vacate the house as required, appellant filed suit in justice court for forcible detainer. Appellant did not answer the suit, and on April 26, 2013, the justice court granted possession of the property to appellant. That same day, appellees filed an appeal to the county court at law. Also that day, appellant filed a "Business Records Affidavit" in the county court at law with the notices to vacate appellant sent to appellees attached to the affidavit.

Appellees filed a plea to the jurisdiction in the county court at law asserting appellant lacked standing and the court lacked subject-matter jurisdiction over the case because appellant did not attach any documentation to its petition in justice court or present any evidence in justice court showing how it acquired any rights under the deed of trust or how appellees became tenants at sufferance. Appellant filed a response to the plea to the jurisdiction and attached the substitute trustee's deed to the response. The deed stated the property was sold to appellant under the terms of the deed of trust on February 5, 2013 for $57,746.59. The parties filed briefs on the jurisdictional question. The county court at law granted appellees' plea to the jurisdiction and dismissed the cause.

### PLEA TO THE JURISDICTION

In its first and second issues, appellant contends the county court at law erred by dismissing the case based on the plea to the jurisdiction and a determination that appellant lacked standing. A plea to the jurisdiction may challenge the plaintiff's pleading, the existence of the jurisdictional facts alleged in the pleading, or both. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). "When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Id.* "We construe the pleadings liberally in favor of the plaintiffs and look to

the pleaders' intent." *Id.* at 226. When the defendant challenges the existence of jurisdictional facts, the defendant must meet the summary judgment standard of proof. *Id.* at 228. Under that standard, the defendant must present conclusive proof regarding a jurisdictional fact. *See id.*; *see also Unifund CCR Partners v. Watson*, 337 S.W.3d 922, 926 (Tex. App.—Amarillo 2011, no pet.). If the defendant meets this burden, the plaintiff must present sufficient evidence to show there is a disputed issue of material fact regarding the jurisdictional issue or the plea to the jurisdiction will be sustained. *Miranda*, 133 S.W.3d at 228; *City of Dallas v. Heard*, 252 S.W.3d 98, 102 (Tex. App.—Dallas 2008, pet. denied). If the defendant fails to present conclusive proof of a fact negating jurisdiction, the plaintiff has no burden to present evidence on the jurisdictional issue. *Unifund*, 337 S.W.3d at 926.

Standing is a component of subject-matter jurisdiction and is a constitutional prerequisite to maintaining a lawsuit. *In re I.I.G.T.*, 412 S.W.3d 803, 805 (Tex. App.—Dallas 2013, no pet.). A person has standing if: (1) he has sustained, or is immediately in danger of sustaining, some direct injury as a result of the defendant's wrongful act; (2) he has a direct relationship between the alleged injury and the claim being adjudicated; (3) he has a personal stake in the controversy; (4) the challenged action has caused him some injury in fact, either economic, recreational, environmental, or otherwise; or (5) he is an appropriate party to assert the public's interest in the matter, as well as his own. *Asshauer v. Wells Fargo Foothill*, 263 S.W.3d 468, 471 (Tex. App.—Dallas 2008, pet. denied). The plaintiff has the burden of alleging facts, which if taken as true, affirmatively demonstrate a court's jurisdiction to hear a case. *Id.*; *Nausler v. Coors Brewing Co.*, 170 S.W.3d 242, 248 (Tex. App.—Dallas 2005, no pet.).

The jurisdiction of the county court at law, sitting as an appellate court over the judgment of a justice court, is confined to the jurisdictional limits of the justice court. *Villalon v. Bank One*, 176 S.W.3d 66, 69 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). When an appeal is

taken from a void judgment, the appellate court must declare the judgment void, set aside the trial court's judgment, and dismiss the appeal. *Id.*

Appellees asserted in their plea to the jurisdiction[1] that the justice court and county court at law lacked subject-matter jurisdiction because appellant lacked standing and "alleged no facts which if taken as true, establish the Court's jurisdiction." We disagree. Appellant alleged in its complaint for forcible detainer filed in the justice court that,

> As evidenced by trustee foreclosure deed, Plaintiff [appellant] acquired the Property at a foreclosure sale on February 5, 2013. Pursuant to the terms of the Deed of Trust, Defendant, or any person holding possession of the Property through Defendant, became tenants at sufferance once the Property was sold at the foreclosure sale.

Appellant also alleged it found appellees were still in possession of the property, that it sent them notices to vacate the property within three days, and that despite such demand, appellees refused and failed to vacate. These allegations were sufficient to allege appellant sustained a direct injury as a result of the defendant's wrongful act. Accordingly, we conclude the allegations in appellant's complaint for forcible detainer filed in the justice court were sufficient to demonstrate appellant's standing to bring this suit.

Appellees also asserted that the justice court and county court at law lacked subject-matter jurisdiction because appellant failed to attach evidence, the substitute trustee's deed, to its complaint for forcible detainer or to its business records affidavit. Having alleged facts demonstrating it had standing, appellant had no duty to present evidence of jurisdictional facts until appellees presented evidence negating the alleged jurisdictional facts. *See Mission Consolidated Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 637 (Tex. 2012) ("a plaintiff . . . will only be required to submit evidence if the defendant presents evidence negating one of those basic facts"); *City of Austin v. Rangel*, 184 S.W.3d 377, 382 (Tex. App.—Austin 2006, no pet.)

---

[1] Appellees did not file a brief in this appeal.

("The defendant cannot simply deny the existence of jurisdictional facts and force the plaintiff to raise a fact issue."). Appellees presented no evidence negating the alleged jurisdictional facts; accordingly, appellant had no duty to present evidence. *See Garcia*, 372 S.W.3d at 637; *Rangel*, 184 S.W.3d at 382. We sustain appellant's first and second issues.

In the third issue, appellant contends the trial court erred by concluding that determination of the right to immediate possession of the property required determination of the validity of appellant's title. Appellees argued in their plea to the jurisdiction that the justice court and the county court at law lacked jurisdiction because determination of title to the property is necessary. Texas Rule of Civil Procedure 746 states that the only issue in a case of forcible detainer is the right to actual possession of the property, "and the merits of the title shall not be adjudicated." TEX. R. CIV. P. 746, 50 TEX. B.J. 870 (1987) (repealed Aug. 31, 2013). Appellees argued that appellant must conclusively establish its rights in the title before appellees can be tenants at sufferance subject to eviction. We disagree. All appellant must show to be entitled to possession of the premises is (1) a trustee's deed (or substitute trustee's deed) from the foreclosure sale showing appellant purchased the property in the foreclosure sale, (2) the deed of trust showing appellees would become tenants at sufferance following the foreclosure sale if they did not vacate, and (3) notice to vacate informing appellees of their tenants-at-sufferance position and appellant's requirement that they vacate the property. *See Shutter v. Wells Fargo Bank, N.A.*, 318 S.W.3d 467, 471 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.); *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no pet.). Each of these requirements were met by appellant's allegations in the petition. Although appellant must prove these requirements at trial, it is under no obligation to present evidence of them to vest the court with subject-matter jurisdiction. *See Mitchell v. Citifinancial Mortg. Co.*, 192 S.W.3d 882, 883 (Tex. App.—Dallas 2006, no pet.). Nor did appellant have to prove the validity of its title to be

–5–

entitled to possession of the property. *See Williams*, 315 S.W.3d at 927. If appellant's proof at trial meets these requirements, then any invalidity in its title will not be relevant to its forcible-detainer action. *Id.* We sustain appellant's third issue.

## CONCLUSION

We conclude the trial court erred by granting appellees' plea to the jurisdiction and dismissing the case. We reverse the trial court's judgment and remand the cause to the trial court for further proceedings.[2]

130984F.P05

/Lana Myers/
LANA MYERS
JUSTICE

---

[2] In its brief, appellant asks that we render judgment for possession in its favor. The trial court's judgment was an order granting appellees' plea to the jurisdiction and dismissing the cause. The record does not show there has been any dispositive proceeding on the merits—neither a summary judgment proceeding nor a trial on the merits—in which appellees could challenge appellant's evidence and present their defenses, if any, to appellant's suit. Accordingly, we decline to render judgment for appellant.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, Appellant

No. 05-13-00984-CV        V.

JAMES EPHRIAM AND ALL OTHER
OCCUPANTS, Appellees

On Appeal from the County Court at Law
No. 1, Dallas County, Texas
Trial Court Cause No. CC-13-02444-A.
Opinion delivered by Justice Myers.
Justices Lang and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings.

It is **ORDERED** that appellant FEDERAL NATIONAL MORTGAGE ASSOCIATION recover its costs of this appeal from appellees JAMES EPHRIAM AND ALL OTHER OCCUPANTS.

Judgment entered this 12th day of June, 2014.

/Lana Myers/
LANA MYERS
JUSTICE