**Affirmed; Opinion Filed June 23, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01658-CV

### SULMA GONZALES, Appellant
### V.
### THE DALLAS COUNTY APPRAISAL DISTRICT, THE APPRAISAL REVIEW BOARD
### OF DALLAS COUNTY APPRAISAL DISTRICT, AND LYONS EQUITIES, INC.,
### Appellees

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-13-09665-I**

## MEMORANDUM OPINION

Before Justices Fillmore, Myers, and Evans
Opinion by Justice Myers

Sulma Gonzales appeals the trial court's dismissal of her suit against the Dallas County

Appraisal District (DCAD), the Appraisal Review Board of Dallas County (ARB), and Lyons

Equities, Inc. (Lyons). Gonzales alleged that her property was unequally taxed by the Appraisal

District compared to the taxation of property owned by Lyons. Appellees asserted that Gonzales

lacked standing to bring the suit because she did not own the property. Lyons also moved for

dismissal and requested an award of its attorney's fees under rule of civil procedure 91a.

Gonzales brings three issues on appeal contending the trial court erred by dismissing her suit and

by awarding Lyons its attorney's fees. We affirm the trial court's judgment.

## BACKGROUND

This case involves two tracts of property. In 2009, Gonzales transferred title to the property to Lenola Corporation, of which she was a shareholder. In 2013, Gonzales filed suit in her own name against appellees alleging DCAD and ARB unequally appraised the property compared to Lyons's property, which bordered her property. *See* TEX. TAX CODE ANN. §§ 41.41(a)(2), 42.01(a)(1) (West 2015). Gonzales alleged that her property was valued by DCAD and ARB at fifty to sixty-five cents per square foot while Lyons's property was valued at five cents per square foot. Gonzales also alleged that Lyons exerted undue influence against DCAD and ARB, violating section 36.04 of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 36.04 (West 2011). For damages, Gonzales requested credit for or reimbursement of the taxes she had paid since 2009 and punitive damages of $250,000.

Appellees filed pleas to the jurisdiction asserting Gonzales lacked standing to bring the suit because she did not own the property. DCAD and ARB also asserted they were immune from suit for any claims not based on the tax code. Lyons also moved to dismiss under rule of civil procedure 91a, asserting that Gonzales's suit against it had no basis in law or fact. Gonzales responded to the motion to dismiss and pleas to the jurisdiction, stating she was bringing the suit as a derivative action on behalf of Lenola. Gonzales attached to her response a letter from the president of Lenola stating that the corporation did not intend to pursue legal action against DCAD and Lyons because the corporation could not afford to hire a lawyer. The letter then stated that the corporation, "under the derivative law of commerce," granted Gonzales the authority as a shareholder and as vice president "to pursue legal action on your own and on behalf of the corp. to protect your investment and recover damages." Gonzales filed an amended petition, stating in the style of the case that the plaintiff was "Sulma Gonzales Derivatively on

–2–

behalf of Lenola Corp."  However, the text of the amended petition did not allege the derivative status or even mention Lenola.  Instead, Gonzales continued to allege she owned the property.[1]

After hearings on the motion to dismiss and pleas to the jurisdiction, the trial court dismissed Gonzales's claims.  The court also awarded Lyons attorney's fees of $3,821.15 under rule 91a(7).  *See* TEX. R. CIV. P. 91a(7).  The court filed findings of fact and conclusions of law, concluding that the court did not have subject matter jurisdiction to hear Gonzales's claims concerning the tax code because she was not the owner of the property.

## PRO SE PARTIES

Gonzales is pro se before this Court. We liberally construe pro se pleadings and briefs. *Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.).  However, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure.  *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Washington*, 362 S.W.3d at 854.  To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel.  *Shull v. United Parcel Serv.*, 4 S.W.3d 46, 53 (Tex. App.—San Antonio 1999, pet. denied).

## PLEA TO THE JURISDICTION

A plea to the jurisdiction may challenge the plaintiff's pleading, the existence of the jurisdictional facts alleged in the pleading, or both.  *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).  "When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause."  *Id.*  "We construe the pleadings liberally in favor of the plaintiffs and look to the pleaders' intent."  *Id.*  When the defendant challenges the existence of jurisdictional facts, the

---

[1] The body of Gonzales's amended petition is nearly identical to the body of her original petition with only minor changes from the original petition.

defendant must meet the summary judgment standard of proof. *Id.* at 228. Under that standard, the defendant must present conclusive proof regarding a jurisdictional fact. *See id.*; *see also Unifund CCR Partners v. Watson*, 337 S.W.3d 922, 926 (Tex. App.—Amarillo 2011, no pet.). If the defendant meets this burden, the plaintiff must present sufficient evidence to show there is a disputed issue of material fact regarding the jurisdictional issue or the plea to the jurisdiction will be sustained. *Miranda*, 133 S.W.3d at 228; *City of Dallas v. Heard*, 252 S.W.3d 98, 102 (Tex. App.—Dallas 2008, pet. denied).

In this case, appellees asserted that Gonzales lacked standing to bring her claims. Standing is a component of subject-matter jurisdiction and is a constitutional prerequisite to maintaining a lawsuit. *In re I.I.G.T.*, 412 S.W.3d 803, 805 (Tex. App.—Dallas 2013, no pet.). A person has standing if: (1) he has sustained, or is immediately in danger of sustaining, some direct injury as a result of the defendant's wrongful act; (2) he has a direct relationship between the alleged injury and the claim being adjudicated; (3) he has a personal stake in the controversy; (4) the challenged action has caused him some injury in fact, either economic, recreational, environmental, or otherwise; or (5) he is an appropriate party to assert the public's interest in the matter, as well as his own. *Asshauer v. Wells Fargo Foothill*, 263 S.W.3d 468, 471 (Tex. App.—Dallas 2008, pet. denied). The plaintiff has the burden of alleging facts, which if taken as true, affirmatively demonstrate a court's jurisdiction to hear a case. *Id.*; *Nausler v. Coors Brewing Co.*, 170 S.W.3d 242, 248 (Tex. App.—Dallas 2005, no pet.).

### STANDING TO BRING CLAIM OF UNEQUAL APPRAISAL

Gonzales alleged in her petition that she owned the property, a fact which, if true, gave her standing to bring her claims. *See* TEX. TAX CODE ANN. § 42.01(a)(1)(a) ("A property owner is entitled to appeal . . . ."). Appellees challenged this jurisdictional allegation in their pleas to the jurisdiction, and they presented evidence of the deed signed by Gonzales that transferred the

–4–

property to Lenola in 2009. "With a few specifically enumerated exceptions not applicable here, the property owner is the only entity with standing to appeal a Board decision to the district court." *Town & Country Suites, L.C. v. Harris Cnty. Appraisal Dist.*, No. 01-13-00869-CV, 2015 WL 464189, at *3 (Tex. App.—Houston [1st Dist.] Jan. 27, 2015, no pet.); *see also Wingate v. Hajdik*, 795 S.W.2d 717, 719 (Tex. 1990) ("A corporate stockholder cannot recover damages personally for wrong done solely to the corporation, even though he may be injured by that wrong."). Because Gonzales did not own the property, she lacked standing to bring suit under the tax code.

Gonzales also alleged that the unequal taxation of the property was due to the undue influence exerted by Lyons on DCAD in violation of section 36.04 of the penal code. Even if a private cause of action existed for a violation of section 36.04, the fact that the property is owned by Lenola means that the only actionable injury, if any, occurred to Lenola, not Gonzales. We conclude Gonzales did not have standing to bring this claim.

In her brief, Gonzales asserts she could bring suit in her own name under rule of civil procedure 28, which allows a party to sue under an assumed or business name. *See* TEX. R. CIV. P. 28. Gonzales states, "Lenola Corporation is merely an 'assumed name', since the land remained property of Ms. Gonzales owning 100% of the verified stocks."[2] Gonzales is incorrect. A corporation is a separate legal entity from its shareholders, officers, and directors. *Sparks v. Booth*, 232 S.W.3d 853, 868 (Tex. App.—Dallas 2007, no pet.). Property owned by a corporation is not the property of the shareholders. *Sun Towers, Inc. v. Heckler*, 725 F.2d 315, 331 (5th Cir. 1984); s*ee Mandell v. Mandell*, 310 S.W.3d 531, 540 (Tex. App.—Fort Worth

---

[2] The record does not show that Gonzales was the sole shareholder of Lenola. The only references in the record to Gonzales's ownership of Lenola's shares are (1) Gonzales's statement in her response to the pleas to the jurisdiction that she was a "major shareholder" of Lenola; (2) a letter from Lenola's president stating that Gonzales was "a stockholder"; and (3) Lenola's charter authorizing it to issue 100,000 shares and Gonzales's share certificates stating she owned 1,000 shares. In her affidavit of indigency filed January 16, 2014, Gonzales did not list ownership of either the property or shares in Lenola.

2010, pet. denied) (in divorce case, court stated that property owned by a corporation was neither the separate nor community property of the shareholders). When Gonzales sold the land to the corporation, the land did not remain her property even if she owned all the stock. Lenola Corporation was not an assumed name of Gonzales; it was a separate entity from Gonzales.

In her second issue, Gonzales asserts she had standing as a shareholder of Lenola to bring a derivative suit to enforce Lenola's rights. However, aside from the style of her amended petition, Gonzales never alleged in the body of either her original or her amended petition that her suit was a derivative action or that Lenola was the plaintiff or the property owner. Indeed, the body of her petitions never mention the existence of Lenola. Both petitions state the suit was brought by "Sulma Gonzales sole owner of the properties." Throughout the petitions, Gonzales refers to the property as "her property" and "the property owned by Ms. Gonzales." To bring a derivative action, the plaintiff must allege in the pleading that the plaintiff is a record or beneficial owner of shares at the time of the transaction of which he complains. *Edlund v. Bounds*, 842 S.W.2d 719, 728 (Tex. App.—Dallas 1992, writ denied). Because Gonzales never alleged the suit was a derivative action brought on behalf of Lenola, and that she was a shareholder of Lenola, we conclude Gonzales did not bring a derivative action against appellees. *Cf. Rolen v. LVNV Funding, LLC*, No. 02-09-00304-CV, 2010 WL 1633402, at *5–6 (Tex. App.—Fort Worth Apr. 22, 2010, no pet.) (mem. op.) (plaintiff stated in style of petition it was assignee of Sears, but no facts alleged in body of petition showing it was assignee of Sears, and Sears was not mentioned in petition other than in style; court held plaintiff failed to show it had standing as Sears's assignee).

Because Gonzales brought the action only in her own name, and not as a derivative action on behalf of Lenola, we conclude the trial court did not err by determining Gonzales lacked

standing to bring her claims and that the court lacked subject-matter jurisdiction to consider the merits of her claims. We overrule Gonzales's second issue.

In her first issue, Gonzales contends the trial court erred by not considering the merits of her claims.[3] As discussed above, the trial court lacked subject-matter jurisdiction over Gonzales's claims. When a trial court lacks subject-matter jurisdiction over a claim, it has no authority to consider that claim. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993) ("Subject matter jurisdiction is essential to the authority of a court to decide a case."). Because the trial court lacked subject-matter jurisdiction over Gonzales's claims, the court had no authority to consider the merits of the claims. Accordingly, we conclude the trial court did not err by failing to consider the merits of her claims. We overrule Gonzales's first issue.

### DISMISSAL UNDER RULE 91a

In her third issue, Gonzales contends the trial court erred by granting Lyons's motion to dismiss under rule 91a and awarding it attorney's fees under that rule. Rule 91a allows a party to move for dismissal of a cause of action on the grounds that it has no basis in law or fact. TEX. R. CIV. P. 91a(1). "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." *Id.* The motion to dismiss must state the specific reasons the cause of action has no basis in law or fact. *Id.* 91a(2). In determining whether the cause of action has any basis in law or fact, the trial

---

[3] This is our interpretation of Gonzales's first issue. Her first issue, as stated in her brief, is: "Whether the trial court, upon realization of the occurrence of violations of art. VIII of the Texas Constitution by two government entities and a private corporation, should have construed the original petition in the plaintiff's favor, examine [sic] the pleader's intent, protect [sic] the public interest and/or order [sic] *sua sponte* investigation to prevent such government entities to act improperly or discriminate with impunity in matters of property taxation in the future." Gonzales's arguments under this issue appear to address the merits of her claims.

court may consider only the pleading of the cause of action and may not consider any evidence other than exhibits to the pleading permitted under rule 59. *Id.* 91a(5); *see id.* 59.

We review de novo a trial court's ruling under rule 91a. *Drake v. Walker*, No. 05-14-00355-CV, 2015 WL 2160565, at *3 (Tex. App.—Dallas May 8, 2015, no pet. h.) (mem. op). We construe the pleadings liberally in favor of the plaintiff, looking to the pleader's intent. When determining whether a cause of action has a basis in law, we accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law. *Id.*

Lyons asserted that Gonzales's allegations concerning the valuation of the property did not give rise to any claim against it. We agree. Gonzales's allegations against Lyons are that it used its influence with DCAD to get its property valued at five cents per square foot. Gonzales made no allegations that Lyons had anything to do with her property being valued higher than its property. Liberally construing Gonzales's petition, we conclude that Gonzales alleged no facts showing that Lyons was responsible for the valuation of Gonzales's property and that this cause of action, to the extent it was alleged against Lyons, had no basis in law.

Similarly, Lyons asserted that Gonzales's cause of action for undue influence in violation of section 36.04 of the penal code, to the extent such a cause of action could exist, had no basis in law because any undue influence allegedly used by Lyons could not have damaged Gonzales. We agree. Gonzales's petition alleged that Lyons influenced DCAD into believing its property was worth five cents per square foot and that Lyons "was receiving unfair privileges and reductions" from DCAD. Assuming all that is true, Gonzales's pleading does not demonstrate how Lyons's exertion of undue influence to reduce its own taxes could have resulted in an unfairly high appraisal of Gonzales's property. We conclude this cause of action does not entitle Gonzales to any relief against Lyons.

Gonzales also asserts that the trial court could not have made a determination of whether her causes of action lacked any basis in law or fact because the trial court did not have the pleadings at hand during the hearing on the motion to dismiss. We have no reporter's record from the hearing on Lyons's motion to dismiss. Contrary to Gonzales's statement, the trial court's order granting the motion to dismiss states that the court "reviewed the pleadings." Gonzales's argument is not supported by the record and it lacks merit.

Gonzales also argues that the trial court should not have granted the motion to dismiss until Gonzales had the opportunity to conduct discovery. We disagree. Rule 91a requires the motion to dismiss be filed within sixty days of the defendant being served with the pleading containing the challenged cause of action and that the court grant or deny the motion within forty-five days after the motion is filed. TEX. R. CIV. P. 91a(3). These deadlines show that Rule 91a is intended to be asserted and determined soon after the filing of the case and before the opportunity for thorough discovery. Gonzales's argument lacks merit.

We conclude the trial court did not err by granting Lyons's motion to dismiss Gonzales's causes of action against it under rule 91a.

Gonzales also argues the trial court erred by awarding Lyons its attorney's fees. Rule 91a(7) states, "[T]he court must award the prevailing party on the motion all costs and reasonable and necessary attorney fees incurred with respect to the challenged cause of action in the trial court. The court must consider evidence regarding costs and fees in determining the award." Gonzales argues that the court should not have awarded attorney's fees to Lyons because the court determined it had no jurisdiction over the case. The trial court determined it lacked subject-matter jurisdiction over Gonzales's claims. Lyons's request for attorney's fees under rule 91a(7) was a claim against Gonzales. *See Tanner v. Black*, No. 01-13-01059-CV, 2015 WL 1122945, at *3 (Tex. App.—Houston [1st Dist.] Mar. 12, 2015, no pet.) (rule 13

motion asserting pleadings were groundless and brought in bad faith or for purpose of harassment and requesting attorney's fees was a counterclaim); *Leon Springs Gas Co. v. Rest. Equip. Leasing Co.*, 961 S.W.2d 574, 578 (Tex. App.—San Antonio 1997, no pet.) (same). The court's lack of subject-matter jurisdiction over Gonzales's claims did not deprive the court of jurisdiction over Lyons's request for attorney's fees.

Gonzales also asserts that the trial court erred by awarding Lyons attorney's fees of $3,821.15 because the company presented no evidence or insufficient evidence of its attorney's fees at the hearing on the motion to dismiss. No reporter's record from the hearing on the motion to dismiss is before us. Gonzales states in her brief that "apparently there was no reporter and now there seem[s] to exist no record of what was said." The record does not show that Gonzales objected to the lack of a court reporter for the hearing, and she has not preserved for appellate review any error from the court reporter's failure to transcribe the hearing. *See Sareen v. Sareen*, 350 S.W.3d 314, 316 (Tex. App.—San Antonio 2011, no pet.) ("the complaining party must have objected to the reporter's failure to transcribe the missing testimony in order to preserve the complaint for appellate review").

"[A]bsent a complete record on appeal, [the court of appeals] must presume the omitted items supported the trial court's judgment." *Bennett v. Cochran*, 96 S.W.3d 227, 230 (Tex. 2002) (per curiam) (quoting *Gallagher v. Fire Ins. Exch.*, 950 S.W.2d 370, 370 (Tex. 1997) (per curiam)). Because we have no reporter's record of the hearing, we must presume that Lyons presented sufficient evidence to support the trial court's award of attorney's fees. We overrule Gonzales's third issue.

–10–

**CONCLUSION**

We affirm the trial court's judgment.

131658F.P05

/Lana Myers/
LANA MYERS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

# JUDGMENT

Sulma Gonzales, Appellant

No. 05-13-01658-CV     V.

The Dallas County Appraisal District, The
Appraisal Review Board of Dallas County
Appraisal District, and Lyons Equities,
Appellees

On Appeal from the 162nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-13-09665-I.
Opinion delivered by Justice Myers. Justices
Fillmore and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellees The Dallas County Appraisal District, The Appraisal
Review Board of Dallas County Appraisal District, and Lyons Equities recover their costs of this
appeal from appellant Sulma Gonzales.

Judgment entered this 23rd day of June, 2015.