ACCEPTED
01-15-00567-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/14/2015 12:11:01 PM
CHRISTOPHER PRINE
CLERK

**No. 01-15-00567-CV**

**IN THE COURT OF APPEALS FOR THE FIRST DISTRICT HOUSTON, TEXAS**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
12/14/2015 12:11:01 PM
CHRISTOPHER A. PRINE
Clerk

**MACKEY GLEN PETERSON, TONYA PETERSON, DON LESLIE PETERSON AND LONNY PETERSON, APPELLANTS**

**v.**

**SILVERADO SENIOR LIVING, INC., D/B/A SILVERADO SENIOR LIVING SUGAR LAND, APPELLEE**

**OPENING BRIEF OF APPELLEE, SILVERADO**

**P. Alan Sanders**
**Tx. State Bar No:  17602100**
**Joshua Davis**
**Tx. State Bar No. 24031993**
**Lewis Brisbois Bisgaard & Smith, LLP**
**Weslayan Tower, Suite 1400**
**24 Greenway Plaza**
**Houston, Texas, 77046**
**(713) 659-6767**
**(713) 759-6830 – Fax**
**Alan.Sanders@LewisBrisbois.com**
**Josh.Davis@LewisBrisbois.com**

**ORAL ARGUMENT NOT REQUESTED, but conditionally reserved if this Court orders Oral Argument. TRAP 38.1(e), incorporated by reference in TRAP 38.2(a)(1)(first), and 39.7. This Brief contains,** *infra,* **a Statement Regarding Oral Argument.**

4845-1892-7404.1

## IDENTITY OF PARTIES AND COUNSEL

**Appellants (some, but not all, of the Plaintiffs below):**

**MACKEY GLEN PETERSON ("Mack")**
**TONYA PETERSON ("Tonya")**
**DON LESLIE PETERSON ("Don")**
**LONNY PETERSON ("Lonny")**

**Counsel for Appellants / Plaintiffs:**

> Mr. Philip M. Ross
> 1006 Holbrook Road
> San Antonio, Texas 78218
> (210) 326-2100
> Ross_Law@hotmail.com

**Appellee (Defendant below):**

**SILVERADO SENIOR LIVING, INC. d/b/a Silverado Senior Living Center – Sugar Land ("Silverado")**

**Counsel for Appellee / Defendant, Silverado:**

> Mr. P. Alan Sanders – Lead Appellate Counsel
> Mr. Joshua Davis – Trial Counsel and Additional Appellate Counsel
>
> Lewis Brisbois Bisgaard & Smith, LLP
> Weslayan Tower, Suite 1400
> 24 Greenway Plaza
> Houston, Texas 77046
> (713) 659-6767
> (713) 759-6830 – Fax
> Alan.Sanders@LewisBrisbois.com
> Josh.Davis@LewisBrisbois.com

**Additional parties below (Defendants/Respondents):**

**CAROL ANNE MANLEY ("Manley")**
**DAVID PETERSON ("David")**

**Counsel for Manley and David:**

> Ms. Sarah Patel Pacheco
> Ms. Kathleen Tanner Beduze
> Crain, Caton & James, P.C.
> 1401 McKinney Street, Ste. 1700
> Houston, Texas 77010
> (713) 658-2323
> (713) 658-1921 – Fax
> spacheco@craincaton.com
> kbeduze@craincaton.com

**Additional Participants in Proceedings Below:**

**Attorney Ad Litem for Proposed Ward, Ruby S. Peterson ("Ruby") (now deceased)**

Mr. W. Russ Jones
Underwood, Jones, Scheerer & Malouf, PLLC
5177 Richmond Ave., Ste. 505
Houston, Texas 77056
(713) 552-1144
(713) 781-4448
RJones@ujsmlaw.com

**Guardian Ad Litem for Proposed Ward, Ruby (now deceased)**

Ms. Jill Young
MacIntyre, McCulloch, Stanfield, Young, LLP
2900 Weslayan, Ste 150
Houston, Texas 77027
(713) 572-2900
(713) 572-2902
Jill.Young@mmlawtexas.com

# TABLE OF CONTENTS

1. Brief Cover ...........................................................................................................i

2. Identity of Parties and Counsel...................................................................... ii

3. Table of Contents..........................................................................................iv

4. Table of Authorities......................................................................................vi

5. Statement of the Case .................................................................................. 1

6. Statement Regarding Oral Argument .......................................................... 2

7. Statement Regarding Jurisdiction ............................................................... 3

8. Procedural History, Parties, Issues on Appeal and Finality ..........................4

9. Finality for Purposes of This Appeal .........................................................10

10. Issues Presented ........................................................................................19

     A. The Trial Court properly granted Silverado's
Rule 91a Motions to Dismiss and First Amended Plea to the
Jurisdiction, as supplemented, notwithstanding the
allegations of Appellants' Fifth Amended Petition.
Because it did not err in granting the relief, it did not
err in refusing to reconsider its Orders. ..................................................19

     B. The Trial Court properly awarded Silverado attorney's
fees related to Silverado's Rule 91a Motions to Dismiss.......................19

     C. Appellants' request to remand this case for determination
of their application for Declaratory Judgment, or for any
other relief, should be denied, because they failed to appeal the
Trial Court's Order, dated May 12, 2015, granting Silverado's
Motion for Summary Judgment disposing of all of Appellants'
remaining claims, including their request for Declaratory Judgment. ...................19

11. Statement of Facts .....................................................................................20

12. Summary of the Argument ...........................................................................21

13. Argument ....................................................................................................22

    A.    The Trial Court properly granted Silverado's Rule
91a Motions to Dismiss and First Amended Plea to the Jurisdiction,
as supplemented, notwithstanding the allegations of Appellants' Fifth
Amended Petition. Because it did not err in granting the relief, it did
not err in refusing to reconsider its Orders. ..........................................22

        Standard of Review: Rule 91a Proceedings ........................................22
        Procedural History of Silverado's Rule 91 a Motions to Dismiss .....25
        Argument Regarding Rule 91a Relief .................................................28
        Plea to the Jurisdiction ......................................................................30
        Standard of Review: Plea to the Jurisdiction .....................................30
        Procedural History of Silverado's Plea to the Jurisdiction .................31
        Argument Regarding Plea to the Jurisdiction Proceedings.................32

    B.    Did the Trial Court properly awarded Silverado attorney's
fees related to Silverado's Rule 91a Motions to Dismiss? .....................35

    C.    Does the Order granting Silverado's Motion for Summary
Judgment, not appealed by Appellants, preclude their request for a
remand to determine the merits of their application for Declaratory
Judgment regarding Ruby's 1993 Power of Attorney or for other relief?..............38

14. Prayer ........................................................................................................40

15. Certificate of Service ................................................................................41

16. Certificate of Length and Typeface Compliance .........................................42

# TABLE OF AUTHORITIES

**TEXAS CASES**

*City of Dallas v. Heard*,
   252 S.W.3d 98
   (Tex. App.—Dallas 2008) ...........................................................................31

*Crofton v. Amoco Chem. Co.*,
   Tex. App. LEXIS 4825
   (Tex. App.—Houston [1st Dist.] May 30, 2003) .......................................17 n. 8

   *Crowson v. Wakeham,*
   897 W.W.2d 779,783
   (Tex.1995) ...............................................................................................3 n. 3

*Dailey v. Thorpe*,
   445 S.W.3d 785
   (Tex. App.—Houston [1st Dist.] 2014) ......................................................24, 29

*Gonzales v. Dallas County Appraisal Dist.*,
   2015 Tex. App. LEXIS 6325
   (Tex. App. – Dallas June 23, 2015) ...................................................................31

*Guillory v. Seaton, L.L.C.*,
   2015 Tex. App. LEXIS 13865
   (Tex. App.—Houston [1st Dist.] Aug. 6, 2015) ..........................................24, 36

*Guzder v. Haynes & Boone, L.L.P.*,
   2015 Tex. App. LEXIS 5389
   (Tex. App.—Houston [1st Dist.] May 28, 2015) .............................................24

*Kaminetzky v. Newman*,
   2011 Tex. App. LEXIS 10221
   (Tex. App.—Houston [1st Dist.] Dec. 29, 2011) .......................................17, 18

*Lehmann v. Har-Con Corp.*,
   39 S.W.3d 191
   (Tex. 2001) ..............................................................................................11

*Premier Assocs. v. Louetta Shopping Ctr. Houston, L.P*,
    2012 Tex. App. LEXIS 7958
    (Tex. App.—Houston [1st Dist.] Sept. 20, 2012) ...............................................17

*Rainbow Group, Ltd. v. Wagoner*,
    219 S.W.3d 485
    (Tex. App.—Austin 2007) ....................................................................... 39 n. 14

*Tex. Dep't of Parks & Wildlife v. Miranda*,
    133 S.W.3d 217
    (Tex. 2004) ............................................................................................. 30

*Unifund CCR Partners v. Watson*,
    337 S.W.3d 922
    (Tex. App.—Amarillo 2011) ........................................................................ 30

*Weizhong Zheng v. Vacation Network, Inc.*,
    468 S.W.3d 180
    (Tex. App.—Houston [14th Dist.] 2015) ............................................... 24, n. 10

## TEXAS RULES

### TEX. R. APP. P.

25.1 ........................................................................................................ 3, 17

25.1(b) ......................................................................................................... 18

25.1(d) .......................................................................................................... 4

26.1 .......................................................................................................... 4, 16

26.3 ............................................................................................................ 16

38.1(g) ..........................................................................................................20

38.2(1)(B) ......................................................................................................20

### TEX. R. CIV. P.

Tex. R. Civ. P. 59 .......................................................................................... 23

Tex. R. Civ. P. 91a ..................................................................................*passim*

Tex. R. Civ. P. 306a(1) .................................................................................. 15

Tex. R. Civ. P. 320 .................................................................................. 15

Tex. R. Civ. P. 320b(e), (h) .................................................................... 16

Tex. R. Civ. P. 324(b)(1) ........................................................................ 15

Tex. R. Civ. P. 329b(a) ........................................................................... 15

Tex. R. Civ. P. 329b(c) ........................................................................... 16

Tex. R. Civ. P. 329b(g) ........................................................................... 15

## TEXAS CODES & STATUTES

TEX. ESTATES C. §1021.001(a) [by application of §1021(b)(1)] ............................ 3

TEX. ESTATES C. §1022.001(c) ................................................................. 3

TEX. ESTATES C. §1022.002(c) ................................................................. 3

TEX. GOV. C. § 25.1034 ........................................................................... 3

## RECORD ON APPEAL REFERENCES
## (First Page or Volume of Referenced Item)

CR 567:15 ................................................................................................6

CR 567:23 ................................................................................................6

CR 567:157 .............................................................................................28

CR 567:532 ..............................................................................................7

CR 567:563 ..............................................................................................6

CR 567:593 ..............................................................................................7

CR 567:1052 .............................................................................................6

CR 567:1255 ...........................................................................................34

CR 567:1386 .....................................................................................31, 39

CR 567:1481 ...........................................................................................27

CR 567:1496 ...........................................................................................27

CR 567:1509 ..............................................................................27, 31, 33

CR 567:1513 .....................................................................................11, 32

CR 567:1514 .............................................................................12, 28, 40

CR 567:1516 ...........................................................................................26

CR 567:1524 .....................................................................................12, 26

CR 567:1525 .....................................................................................13, 26

CR 567:1531 .....................................................................................13, 27

CR 567:1537 .......................................................................7, 12, 23, 31

CR 567:1544 ..............................................................................................8

CR 567:1617 .............................................................................................................15

CR 567:2043 ...............................................................................................................8

CR 567:2112 ...............................................................................................................8

CR 567:2128 ........................................................................................................14, 32

CR 567:2133 ........................................................................................................14, 32

CR 567:2135 ............................................................................................14, 16, 32, 34

CR 567:2136 ........................................................................................................14, 38

CR 567:2145 ....................................................................................................14, 34, 38

CR 567:2155 ........................................................................................................4, 9, 17

CR 567:3617 .............................................................................................................26


CR 586:14 ...................................................................................................................5

CR 586:108 .................................................................................................................5

CR 586:191 .................................................................................................................5

CR 586:195 .................................................................................................................5

CR 586:196 .................................................................................................................5

CR 586:299 .................................................................................................................6

CR 586:567 ...............................................................................................................25

CR 586:813 ...............................................................................................................31

CR 586:1309 .........................................................................................................7, 31

CR 586:2997 .......................................................................................................25, 29

CR 586:3006 ...............................................................................................................31

CR 586:3211 ..........................................................................................................7, 25

CR 586:3214 ......................................................................................................7, 25, 31

CR 586:3514 ...............................................................................................................26

CR 586:3541 ...............................................................................................................31

CR 586:3546 ..................................................................................................11, 26, 28

CR 586:3617 ...............................................................................................................27

CR 586:3768 ........................................................................................................27, 36

CR 586:3823 ...............................................................................................................8

CR 586:3843 ...............................................................................................................8

CR 586:3889 ...............................................................................................................10

CR 586:3935 ........................................................................................................14, 32

CR 586:3955 ........................................................................................................4, 9, 16

CR 586:3961 ..........................................................................................................4, 9

CR 586:3968 ...............................................................................................................9


RR Vol. 3 .....................................................................................................................6

RR Vol. 11 ..........................................................................................................26, 31

RR Vol. 12 ....................................................................................................26, 27, 37

## STATEMENT OF THE CASE

This is a civil suit for damages and other relief related to Memory Care placement of a Proposed Ward (Ruby), who is now deceased and whose death occurred before the appointment of any temporary or permanent guardian of either her person, estate or both her person or estate. The dispute is between two factions of Ruby's five children (Mack, Don and Lonny on one side, David and Manley on another). It spilled over to include Ruby's court-appointed Attorney Ad Litem (Russ Jones), court-appointed Guardian Ad Litem (attorney Jill Young) and the healthcare facility (Silverado) at which Ruby resided for about the year before, and until the time of, her death. Below, the trial court entered a series of rulings that dismissed with prejudice all of Appellants' claims against Silverado and assessed attorney's fees related to Rule 91a dismissals.[1] Due to the underlying procedural posture of the trial court proceedings and Appellants' dual Amended Notices of Appeal, those rulings have resulted in two separate appeals pending in this Court, in which Appellants assert Trial Court error in a total of fourteen orders, of which at least seven directly relate to Appellants' claims against Silverado and are involved in this appeal. Because Appellants' claims in this appeal alleging error below lack merit, their request for reversal and remand should be denied, and Silverado should be awarded its appellate attorneys fees and taxable costs.

---

[1] In this Brief, all references to "Rule 91a" are to TEX. R. CIV. P. 91a.

## **STATEMENT REGARDING ORAL ARGUMENT**

Silverado contends that oral argument will not materially aid this Court in the disposition of this case. However, this Court may nonetheless grant the proper and timely request for oral argument made by another party, or may order oral argument sua sponte. If it does order oral argument, Silverado respectfully requests the right to present oral argument through counsel.

## STATEMENT REGARDING JURISDICTION

The nature and sequence of the proceedings below create the need for a careful examination of this Court's appellate jurisdiction.[2]

The Trial Court, which is a statutory probate court, TEX. GOV. C. § 25.1034, had original jurisdiction over the guardianship proceeding with respect to Ruby (discussed *infra*). TEX. ESTATES C. §1022.002(c). Exercising its "related to," "pendent" or "ancillary" jurisdiction, TEX. ESTATES C. §§1021.001(a) [by application of §1021(b)(1)] & 1022.001(a), (b), the Trial Court transferred a state district court lawsuit to its docket. That lawsuit and transfer also are discussed, *infra*. "A ***final order*** issued by a probate court is appealable to the court of appeals." TEX. ESTATES C. §1022.001(c).[3] Appellants sought no intermediate relief regarding the transfer, such as by mandamus, and on appeal do not challenge the transfer of this lawsuit from the State District Court to the Trial Court.

An appeal to this Court is perfected in a civil case by the timely filing of a sufficient notice of appeal. TEX. R. APP. P. 25.1. Absent a timely-filed motion for new

---

[2] This Court always has jurisdiction to determine its own jurisdiction. And, all appellate counsel bear a responsibility to assist this Court in making its jurisdictional review.

[3] In this Brief, text font shown as ***bold, underlined and italics*** indicates added emphasis unless noted to the contrary. The concept of "finality" in probate proceedings, including guardianships, involves subtleties not involved in typical civil cases. *See, e.g., Crowson v. Wakeham,* 897 W.W.2d 779, 783 (Tex. 1995) (describing multiple final judgments for purposes of appeal for certain discrete issues in probate proceedings). The issue of "finality" of multiple Orders in the lawsuit below, for the purpose of this appeal, is discussed *infra*. This is an ordinary civil case, heard by a statutory probate court utilizing its pendent jurisdiction, but it is not a probate case to which *Crowson* applies.

trial or other specified post-trial motions or proceedings, in a civil case the notice of appeal must be filed with the clerk of the trial court within thirty days after the date upon which the order from which appeal is taken was signed (or the date upon which the order from which appeal is taken became final or otherwise became appealable). TEX. R. APP. P. 26.1. Appellants' initial Notice of Appeal, filed on June 8, 2015, CR 586:3955, bearing case captions for both cases now on appeal, was timely filed with the clerk of the Trial Court.[4]

The Notice of Appeal must contain specified content. TEX. R. APP. P. 25.1(d) ("Contents of Notice"). Silverado submits that Appellants' original Notice of Appeal, CR 586:3955, and both of Appellants' Amended Notice of Appeal, CR 567:2155 & CR 586:3961, substantially comply with the content requirements of the Texas Rules of Appellate Procedure.

**Procedural History, Parties, Issues on Appeal and Finality**

The following narrative is provided for the Court's convenience in reviewing this case's rather-complex procedural history, and the effect of that history upon the identity and alignment of the parties to this appeal, the issues to be considered and the existence of "final judgment" from which appeal might be taken.

---

[4] In the absence of judicial notice of the initial, combined, Notice of Appeal, which is filed only in the Record on Appeal of a separate, but related, appeal, the Record on Appeal in this case presently fails to establish that appeal was timely accomplished by Appellants' Amended Notice of Appeal, and this appeal should be dismissed for lack of jurisdiction unless the record deficiency is cured or judicial notice taken. The timeliness of the initial Notice of Appeal is discussed later in this portion of this Brief.

This controversy has its judicial origins in a guardianship case filed in a statutory probate court. Donny Leslie Peterson ("Don") and Mackey Glen Peterson ("Mack") as Plaintiffs, filed an action seeking guardianship of their mother, Ruby S. Peterson ("Ruby") on December 11, 2013. Don and Mack asserted claims individually, and as purported Next Friends of Ruby. They filed their action in Harris County, Texas. The Clerk designated the case as Cause Number 427,208, and assigned it to Harris County Statutory Probate Court Number 1. *See,* CR 586:14 (the "Original Guardianship Petition"). The Original Guardianship Petition, which asserted many counts in addition to direct guardianship issues, named as Respondents two siblings of Don and Mack, who also are children of Ruby: Carol Anne Peterson Manley ("Manley") and David Troy Peterson ("David"). Original Guardianship Petition, at ¶¶4, 5; CR 586:14, at 15.

Following his appointment by the Statutory Probate Court as Attorney Ad Litem for Ruby, by Order dated February 25, 2014, CR 586:108, Russ Jones filed an Original Answer in that capacity on March 28, 2014. CR 586:191. Attorney Jill Young, appointed by the Statutory Probate Court as Ruby's Guardian Ad Litem, by Order signed on March 27, 2014, CR 586:195, filed her Original Answer in that capacity on April 7, 2014. CR 586:196.

Ruby (allegedly appearing In Proper Person), and Mack, Don and another of her sons, Lonny Peterson ("Lonny") later filed a separate lawsuit in Harris County District

Court (the "State District Court Lawsuit"). The State District Court Lawsuit, filed on July 17, 2014, was given Cause Number 2014-409807 and assigned to the 129th Judicial District Court in and for Harris County, Texas. CR 567:23. Plaintiffs sued Manley, David, Silverado Senior Living of Sugarland, Texas ("Silverado"), Tanna [sic; Tana] McMillan, Linda Lavinson ("Lavinson") and Dr. [Rebecca] Clearman ("Clearman"). CR 567:23, at 23, 25-26.

Carol and David filed a Motion to transfer the State District Court Lawsuit to the Statutory Probate Court. It was filed on July 21, 2014, in the original guardianship proceeding, CR 586:299 They filed a companion Motion to Transfer in the State District Court Lawsuit on August 4, 2014. CR 567:1052.

Following a hearing on the Motion to Transfer conducted on July 24, 2014, RR Vol. 3, the Statutory Probate Court signed its Order of Transfer on July 25, 2014, requiring the State District Court Lawsuit to be transferred to the Statutory Probate Court, and ordering the proceeding to be lodged as Cause Number 427,208-401. CR 567:563-565. The District Judge in the State District Court Lawsuit also ordered the lawsuit transferred, in furtherance of and consistently with the Order of Transfer by the Statutory Probate Court. *See,* Order of Transfer to Probate Court Pursuant to Probate Court Order, signed by the State District Court on August 19, 2014, with a copy of the Statutory Probate Court's Order of Transfer attached as Exhibit "A." CR 567:15-20.

Shortly before the July 25, 2014 Transfer Order signed by the Statutory Probate Court, the pleadings and party landscape in the State District Court Lawsuit changed. Mack, Don and Lonny filed their [First] Amended Petition and Jury Demand on July 23, 2014. CR 567:532. In addition to the initial Defendants named in the Original Petition, they also sued Dr. Chris Merkyl ("Merkyl"). CR 567:532, at 532, 540-541. Then on July 24, 2014, Plaintiffs filed their Second Amended Petition and Jury Demand. CR 567:593. After transfer had been ordered by the Statutory Probate Court on July 25, 2014, but before the August 19, 2014, transfer order by the State District Court, on August 7, 2014, Plaintiffs filed their Third Amended Petition, CR 586:1309.[5]

In Plaintiffs' Fourth Amended Petition, filed on October 6, 2014, CR 586:3214, Mack, Don and Lonny continued to assert claims individually and as the alleged next friends of Ruby. Only Manley, David and Silverado remained as named defendants-respondents. CR 586:3214, at 3217. In addition to "pleading out" McMillan, Lavinson, Clearman and Merkyl, the Plaintiffs also filed, contemporaneously with their Fourth Amended Petition, a Notice of Nonsuit of those four individual defendants-respondents. CR 586:3211.

The array of parties again changed when Appellants filed their Fifth Amended Petition on December 4, 2014. CR 567:1537. Silverado is the only named defendant-

---

[5] Thus, in the span of about three weeks, Appellants had filed four Petitions below.

respondent in the Fifth Amended Petition, thus Appellants at that point abandoned their claims for relief against Manley and David in this lawsuit.

In addition to Mack, Don and Lonny, the Fifth Amended Petition lists as new plaintiffs Tonya Peterson ("Tonya") and Carol Peterson ("Carol"). Tonya is alleged to be Mack's wife, and Carol is alleged to be Don's wife. Tonya and Carol asserted claims allegedly as next friends of Ruby, and also for themselves individually. Mack, Don and Lonny no longer appear as Ruby's alleged next friends but they asserted claims individually. CR 567:1544-1545.

The instant pair of appeals were preceded by two others to this Court, both of which appeals have been dismissed. Attorney Candice Schwager, pro se, filed a Notice of Appeal in the transferred State District Court Lawsuit, on February 9, 2015. CR 567:2043. The appeal was assigned to this Court, and designated as Case Number 01-15-00158-CV. This Court granted an unopposed motion to dismiss her appeal on April 7, 2015. CR 567:2112. A separate Notice of Appeal in the Original Guardianship Proceeding was filed by Mack, Tonya, Don, Carol and Lonny, also on February 9, 2015. CR 586:3823. They filed their First Amended Notice of Appeal, and counsel Candice Schwager was listed as an additional appellant, on March 4, 2015. CR 586:3843. Their appeal, also assigned to this Court and designated as Case

Number 01-15-00157-CV, also was dismissed by this Court on July 7, 2015, upon an unopposed motion. CR 586:3968.[6]

On June 8, 2015, Mack, Tonya, Don and Lonny (but not Carol or Candice Schwager) filed a new Notice of Appeal in the Original Guardianship Proceeding. CR 586:3955. The new original Notice of Appeal contained a dual caption, referencing the Original Guardianship Proceeding, Cause Number 427,208, and also the transferred State District Court Lawsuit, bearing Cause Number 427,208-401 in the Statutory Probate Court. On June 16, 2015 and June 17, 2015, the same Appellants filed two Amended Notices of Appeal with the Harris County Clerk. CR 567:2155 & CR 586:3961. These two Amended Notices of Appeal, in turn, initiated separate appeals for the matters specified in those Notices, and both of those appeals also were assigned to this Court. The instant appeal was assigned Case Number 01-15-00567-CV, and the other appeal was assigned Case Number 01-15-00586-CV.

---

[6] The basis for the Motions to Dismiss were that the appeals were premature due to the absence of final, or appealable interlocutory, orders or judgments below at that time. In addition to appealing the two sanctions orders against her, Candice Schwager appealed merits-related orders pertaining to the dismissal of Plaintiffs' claims against Silverado. "The filing of a notice of appeal by *any party* invokes the appellate court's jurisdiction over *all parties* to the trial court's judgment or order appealed from." TEX. R. APP. P. 25.1(b). Candice Schwager's Notice of Appeal in this lawsuit was not accomplished by a "party" to the merits-related orders. It therefore appears that this Court's jurisdiction did not attach to the named parties relative to the merits-related orders. In any event, this lawsuit was remanded by this Court to the Trial Court, and the instant second appeal followed. Silverado, here, expresses no argument about the effect, if any, of the earlier appeal in the Original Guardianship Proceeding, Cause No. 427,208, which was filed by the Plaintiffs and did not result in dismissal by this Court until after the second appeal in the guardianship case had been taken.

The Record on Appeal shows that Ruby died on or about January 11, 2015. *See, e.g.,* Plaintiffs' 1st Amended Motion to Set Aside Rule 11 Agreement for Illegality, Lack of Consideration, Fraud, and Emotional/Financial Duress. CR 586:3889, at 3890, ¶2. The Record on Appeal contains no indication that any person claiming to act in a representative capacity for Ruby's probate estate appears in the Trial Court or in either appeal. In addition, neither Candice Schwager nor Carol is listed in the new original Notice of Appeal or in either Amended Notice of Appeal as a party desiring to appeal, and thus neither of them is a party to this appeal.

Based upon a review of the Record on Appeal in both appellate cases, and beginning at November 7, 2014, the earliest date of signing of an Order listed in the original Notice of Appeal or in either Amended Notice of Appeal, the chart in Silverado's Appendix, Tab 3, shows the correlation, if any, between the Orders listed in the original Notice of Appeal or in either or both Amended Notice of Appeal, and the designated Record on Appeal in one or both appeals.

**Finality for Purposes of This Appeal.**

The first Rule 91a Order, dated November 10, 2014, dismissing with prejudice Plaintiffs' claims against Silverado, ends with the sentence: "All relief not expressly granted herein is denied." That language creates at least the possibility that the Order is final for purposes of appeal. The Order is filed only in the Original Guardianship Proceeding, however, even though the format of the case caption reflects the

Plaintiffs' transferred civil lawsuit against Manley, David and Silverado, CR 586:3546.

The initial Order Granting Silverado's First Amended Plea to the Jurisdiction, dated January 9, 2015, dismisses Cause No. 427,208 [sic] with prejudice to refiling as to Silverado. It also provides that "All relief not expressly granted herein is denied." However, this Order was filed in the transferred State District Court Lawsuit, No. 427,208 - 401. CR 567:1513.

Notwithstanding the basic "Mother Hubbard" clause in the initial Rule 91a Order, the entire Trial Court record demonstrates that it was not "final" because it did not dispose of Plaintiffs' claims against Manley and David, both of whom were still defendants-respondents at that time and are still listed in the case caption of the Order. Instead, it disposes only specifically described actions (false imprisonment, assault and battery, and conspiracy), and then "solely as to" Silverado. In addition, the Rule 91a Order also expressly contemplates further action by the Trial Court, by ordering that Silverado "be awarded its costs and attorneys' fees after considering evidence within thirty (30) days from the date of this order." A conclusion that this Order was not "final" for purposes of appeal follows the analytical framework established by the Texas Supreme Court. *See, e.g.*, *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191 (Tex. 2001) (the topic of finality is discussed in plenary fashion).

The January 9, 2015 Order granting Silverado's First Amended Plea to the Jurisdiction is more problematic in considering its "finality" for purposes of appeal. It was filed in the records of the State District Court Lawsuit, as transferred. Its case caption shows that Silverado is the only remaining defendant-respondent, which indeed was the case following Plaintiffs' filing of their Fifth Amended Petition on December 4, 2014, CR 567:1537. It disposes of "CAUSE NO. 427208" against Silverado, instead of dismissing specified causes of action as does the Rule 91a Order, but it refers to the Cause Number of the Original Guardianship Proceeding rather than the transferred State District Court Lawsuit. The Cause Number of the Order, above the case caption, has been modified to include the "-401" designation, but that was not done in the body of the Order itself. Standing alone, the finality of this Order is uncertain.

The presence of additional Orders also dated January 9, 2015 raises the distinct possibility that, taken together, all of the Orders through that date disposed of all of Plaintiffs' claims against Silverado by that date. If such is the case, then this appeal may be untimely.

On January 9, 2015, Silverado was awarded its attorneys fees arising from the initial Rule 91a proceeding, CR 567:1514. Plaintiffs' Motion to Reconsider the granting of Rule 91a relief to Silverado also was denied on that date, CR 567:1524. Another Order on January 9, 2015 granted Silverado's second Rule 91a Motion,

directed to the claims of breach of trust and/or breach of fiduciary duty, CR 567:1531, and included provisions for specified attorneys fees rather than calling for a second, subsequent, hearing regarding those fees.[7]

On the face of the January 9, 2015 Orders involving Silverado, collectively, they appear to dispose of all claims against Silverado asserted by all Plaintiffs by that date. However, application of the *Lehmann* framework counsels to the contrary. Silverado's Partial Withdrawal of its second Rule 91a Motion, as to Mack, Don and Lonny, noted that Tonya and Carol had asserted derivative claims for Ruby and also sought relief individually except for assault and battery. CR 567:1525-1526. As filed, however, Silverado's second Rule 91a Motion sought dismissal only of the claims against Silverado brought by Tonya and Carol, either individually or as claimed next friends of Ruby, for breach of fiduciary duty and/or breach of trust but not for false imprisonment or conspiracy. CR 567:1525, at 1527, ¶¶ 6 & 7.

This understanding of the scope of the second Rule 91a Motion and Order, and the lack of complete finality of the set of Orders on January 9, 2015 for purposes of appeal, is corroborated at least in part by portions of the remainder of the record below. The previous appeals were dismissed following unopposed motions predicated on the prematurity of those appeals. Silverado's Motion for Summary Judgment

---

[7] These Orders also carry the ubiquitous Mother Hubbard text: "All relief not expressly granted is denied."

13

sought to bring about finality, by disposing of all remaining claims against it, including the individual claims of Tonya and Carol for false imprisonment and conspiracy that had not been dismissed in the second Rule 91a Motion. CR 567:2136, at 2137, 2141-2142. The Order granting summary judgment dismisses with prejudice "***all remaining claims*** by Plaintiffs against Defendant Silverado … ." CR 567:2145. If no claims remained as a result of the January 9, 2015 cluster of Orders, then Summary Judgment would have been unnecessary.

Silverado also filed a motion to modify the Order granting its First Amended Plea to the Jurisdiction, as supplemented, because it asserted that Order was overbroad, CR 567:2128. Plaintiffs opposed this Motion, repeating their allegations of sufficient standing and asserting the existence of sufficient claims on the merits to preclude dismissal. CR 586:3935. The Trial Court granted the Motion to modify by Order dated May 12, 2015, CR 567:2133, and that same day it also signed a Modified Order more limited in scope and curing the over breadth noted by Silverado, but nonetheless again granting Silverado's First Amended Plea to the Jurisdiction, as supplemented, CR 567:2135.

Under *Lehmann,* in a case disposing of claims and parties other than following the conclusion of a traditional trial, orders that may appear to be final might not be final for purposes of appeal, and orders that appear not to be final, or are not designated as final, nonetheless may be determined to have been final for purposes of

14

appeal.  A single, bright line, rule is not available, and Texas courts and litigants are left to a careful scrutiny of orders and judgments textually, and within the context of the entire trial court record. Although it is a close question and requires careful analysis of the Record on Appeal, Silverado submits that, based upon the totality of the Orders and the Record on Appeal, finality was not achieved until May 12, 2015, and not on January 9, 2015.  If that conclusion is correct, then this appeal was timely filed and this Court's appellate jurisdiction properly attached.

To complicate matters further, if that were possible, Appellants filed a Motion to Modify that appears to be directed towards the Rule 91a Orders and the Order granting Silverado's First Amended Plea to the Jurisdiction, CR 567:1617. This Motion was filed on February 6, 2015, within the Trial Court's 30-day period of residual plenary jurisdiction, which began to run (if it did begin to run) on January 9, 2015. *See,* TEX. R. CIV. P. 306a(1).  The Motion to Modify alleges that it is "based upon new evidence in addition to other grounds." CR 567:1617, at 1618. Thus the Motion to Modify may be understood either as a Motion for New Trial under TEX. R. CIV. P. 320 & 324(b)(1), or a Motion to Modify under TEX. R. CIV. P. 329b(g). Appellants' Motion to Modify was filed within 30 days after January 9, 2015 and therefore impacted the appellate timetable. Tex. R. Civ. P. 329b(a).  The Record on Appeal does not reflect that this particular Motion was granted, or denied, by specific order of the Trial Court. Therefore, it was deemed overruled by operation of law 75

days later, on April 22, 2015. TEX. R. CIV. P. 329b(c). Unless it was suspended for some other reason, the civil appellate timetable began to run on that day, and the Notice of Appeal was due to be filed by the 90th day after the Motion to Modify was filed, or May 7, 2015. TEX. R. APP. P. 26.1. Even considering the possibility of a late filing within the 15-day period allowed by TEX. R. APP. P. 26.3, the time for Appellants to perfect their appeal based upon a finality date of January 9, 2015, was, at the latest, May 22, 2015. Their new original Notice of Appeal filed on June 8, 2015, CR 586:3955, thus was untimely unless saved by yet another rule of procedure. Silverado notes that the Order granting Silverado's First Amended Plea to the Jurisdiction was modified on May 12, 2015, CR 567:2135, a day that was within the Trial Court's extended 30-day plenary jurisdiction arising after the overruling by operation of law of Appellant's Motion to Modify on April 22, 2015, and thus a new appellate timetable began to run on May 12, 2015. Tex. R. Civ. P. 320b(e), (h). Seen in that alternative perspective, Appellants' appeal on June 8, 2015 was timely.

By way of summary, this appeal is from a set of orders below which, collectively, as of May 12, 2015, but not earlier, dispose of all claims against Silverado (the only remaining defendant at that time) alleged by all Plaintiffs. Silverado therefore submits the Record on Appeal, as a whole, demonstrates that the instant appeal was timely initiated by Appellants' filing of a procedurally sufficient

initial Notice of Appeal with the Clerk of the Trial Court (even though that Notice of Appeal was not also filed by the Clerk in the records of this case).

This Court does not, however, have jurisdiction to afford relief to Candice Schwager or Carol in this appeal. *See, e.g.*, TEX. R. APP. P. 25.1; *Premier Assocs. v. Louetta Shopping Ctr. Houston., L.P.*, 2012 Tex. App. LEXIS 7958, at *2-3 (Tex. App.—Houston [1st Dist.] Sept. 20, 2012) (trial court party for whom or for which no proper notice of appeal has been timely filed fails to vest the appellate court with jurisdiction over putative appeals by or for that party). Even if this Court determines that it has some aspect of jurisdiction regarding Candice Schwager and Carol, each of whom is a "party" to at least one of the Orders listed in the Amended Notice of Appeal in this appeal, "[w]hen an additional party fails to file a timely notice of appeal, however, nothing is preserved for appellate review." *Kaminetzky v. Newman*, 2011 Tex. App. LEXIS 10221, at *6 (Tex. App.—Houston [1st Dist.] Dec. 29, 2011).[8]

The Plaintiffs that did appeal in this case listed eleven Orders in their Amended Notice of Appeal. CR 567:2155; *see,* Silverado's Appendix at Tab 3. Appellants' Opening Brief raised no issue about or challenge to the following Orders: Amended Notice of Appeal, Items A, B, D, and "I." Therefore, Appellants have failed to

---

[8] Appellants cannot cure the appellate party omission by seeking leave to file an amendment to their Amended Notice of Appeal, adding Candice Schwager and/or Carol, because the omission was not the type of error contemplated by Tex. R. App. P. 25.1(f) and would serve only as an attempt to avoid the effect of the deadline for an aggrieved party to file an appeal. *See, e.g.*, *Crofton v. Amoco Chem. Co.*, 2003 Tex. App. LEXIS 4825, at *9-10 (Tex. App.—Houston [1st Dist.] May 30, 2003).

preserve any issues on appeal for the unchallenged Orders and have waived any error concerning those Orders. *See, e.g.*, *Kaminetzky*, 2011 Tex. App. LEXIS 10221 at *6. Consequently, the Orders potentially remaining for this Court's consideration are Amended Notice of Appeal, Items C, E, F, G, H, J and K.

One final aspect of appellate-party status and this Court's jurisdiction bears mentioning here. Appellants' Opening Brief prays for relief only against Silverado, and does not request any relief against Manley, David, the Attorney Ad Litem or the Guardian Ad Litem. Therefore, although this Court has jurisdiction over the non-Silverado parties-defendant to or participants in the lawsuit below under some of the Orders from which appeal was taken, *see,* TEX. R. APP. P. 25.1(b), Appellants have waived any claim for relief against them by virtue of this appeal.

The remainder of this Brief is directed to the merits of Appellants' Issues on Appeal.

# ISSUES PRESENTED

A.     The Trial Court properly granted Silverado's Rule 91a Motions to Dismiss and First Amended Plea to the Jurisdiction, as supplemented, notwithstanding the allegations of Appellants' Fifth Amended Petition. Because it did not err in granting the relief, it did not err in refusing to reconsider its Orders.

B.     The Trial Court properly awarded Silverado attorney's fees related to Silverado's Rule 91a Motions to Dismiss.

C.     Appellants' request to remand this case for determination of their application for Declaratory Judgment, or for any other relief, should be denied, because they failed to appeal the Trial Court's Order, dated May 12, 2015, granting Silverado's Motion for Summary Judgment disposing of all of Appellants' remaining claims, including their request for Declaratory Judgment.

## STATEMENT OF FACTS

In their Opening Brief, Appellants present a listing of asserted "facts" that substantially are not germane to the procedural issues presented, in contravention of TEX. R. APP. P. 38.1(g): "The brief must state concisely and without argument the facts *__pertinent to the issues or points presented__*." That same Rule provides that this Court "will accept as true the facts stated unless another party contradicts them." Silverado objects to this Court's consideration of any alleged facts stated in Appellants' Opening Brief other than as required in this Court's de novo legal analysis of the validity of the dismissal proceedings. *See,* TEX. R. APP. P. 38.2(1)(B).

## SUMMARY OF THE ARGUMENT

The Trial Court properly granted both of Silverado's Rule 91a Motions to Dismiss, and also properly awarded Silverado its attorney's fees under Rule 91a. Dismissal in part also was proper pursuant to Silverado's First Amended Plea to the Jurisdiction, as supplemented. The Trial Court's additional summary judgment denying all remaining claims against Silverado, in addition to being correct, was not appealed by Appellants and thus bars their request for a remand to determine the merits of their application for Declaratory Judgment or for any other relief against Silverado. Because the Trial Court committed no reversible error with respect to Appellants' claims against Silverado, the conditional award to Silverado of appellate attorneys fees should be confirmed and all of the costs of this appeal taxed against Appellants.

# ARGUMENT

**A.** **The Trial Court properly granted Silverado's Rule 91a Motions to Dismiss and First Amended Plea to the Jurisdiction, as supplemented, notwithstanding the allegations of Appellants' Fifth Amended Petition. Because it did not err in granting the relief, it did not err in refusing to reconsider its Orders.**[9]

**Standard of Review: Rule 91a Proceedings.**

Parsing Rule 91a reveals the following concepts:

1.     A party may move to dismiss a cause of action against it on the grounds that it has no basis in law or fact, or in neither law nor fact. Rule 91a.1.

2.     A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. Rule 91a.1.

3.     A cause of action has no basis in fact if no reasonable person could believe the facts pleaded. Rule 91a.1.

4.     Under Rule 91a.2, the motion to dismiss must:

   A.     State that it is made pursuant to Rule 91a;

   B.     Identify each cause of action to which it is addressed: and

   C.     State specifically the reasons the cause of action has no basis in law, no basis in fact, or lacks a basis both in law and in fact.

---

[9] Appellants assert six numbered issues in their Opening Brief. Although Silverado's responses to those issues are grouped differently than those of Appellants, Silverado has, nonetheless, attempted to respond to Appellants' issues in the order or sequence presented by them. *See,* TEX. R. APP. P. 38.2(a)(2).

5.     The time by which a Rule 91a motion must be filed, and by which it must be granted or denied by the trial court, is specified by Rule 91a.3.

6.     The time by which any response to a Rule 91a motion must be filed is provided by Rule 91a.4.

7.     The trial court's consideration of a Rule 91a motion is constrained in several ways:

A.     Unless the parties agree otherwise, the court must rule on the motion unless it has been timely withdrawn or the cause of action timely nonsuited. Rule 91a.5(c). However, a timely filed amended Rule 91a motion restarts the time periods under Rule 91a. Rule 91a.5(d).

B.     It must not consider a nonsuit or amendment to the pleading containing the challenged cause of action that has not been timely filed. Rule 91a.5(c).

C.     Except for the issue of costs and attorneys fees, the court may not consider evidence in ruling on the motion and must decide the motion based solely upon:

(1)     the pleading of the cause of action, together with

(2)     any pleading exhibits permitted by TEX. R. CIV. P. 59.

Rule 91a.6.

8.    Following an evidentiary hearing, the court must award the prevailing party on the Rule 91a motion all costs and reasonable and necessary attorney fees incurred with respect to the challenged cause of action in the trial court.[10] Rule 91a.7.

9.    The dismissal procedure under Rule 91a is in addition to, and does not supersede or affect, other procedures that authorize dismissal. Rule 91a.9.

Following its adoption and effectiveness on March 1, 2013, at least eight Texas appellate courts have issued Rule 91a opinions, and the Texas Supreme Court has issued at least one opinion. Thus far this Court has issued three Rule 91a decisions, none of which are cited in Appellants' Opening Brief. *See, Guillory v. Seaton*, 2015 Tex. App. LEXIS 13865 (Tex. App. – Houston [1st Dist.] May 6, 2015); *Guzder v. Haynes & Boone, L.L.P.,* 2015 Tex. App. LEXIS 5389 (Tex. App.—Houston [1st Dist.] May 28, 2015) ; and *Dailey v. Thorpe*, 445 S.W.3d 785 (Tex. App.—Houston [1st Dist.] 2014). The following principles for appellate review flow from *Dailey*, *Guzder*, and *Guillory;* the other reported cases; and also the text of Rule 91a.

1.    A trial court's dismissal under Rule 91a of one or more causes of action is a legal question that is reviewed de novo.

---

[10] The Fourteenth District has held that the phrase "in the trial court" is not a limitation precluding recovery of attorneys fees on appeal, related to successfully challenged actions in the trial court in Rule 91a proceedings. *See, Weizhong Zheng v. Vacation Network, Inc.*, 468 S.W.3d 180, 184 (Tex. App.—Houston [14th Dist.] 2015).

2.	Rule 91a dismissals dispose of lawsuits, or particular claims in lawsuits, that have no basis in law or in fact, or lack a basis both in law and in fact.

3.	Dismissal is required when a cause of action has no basis in law in at least two situations. A court must determine whether the allegations pled, taken as true, liberally construed and looking to the pleader's intent, together with inferences reasonably drawn from those allegations, do not entitle the claimant to the relief sought because:

A.	The pleading alleges too few facts to demonstrate a viable, legally cognizable right to relief; or

B.	The pleading alleges additional facts that, if true, bar recovery.

4.	Dismissal is required when a cause of action has no basis in fact, a situation that occurs when the facts, as pled, would not be believed by a reasonable person.

**Procedural History of Silverado's Rule 91a Motions to Dismiss.**

Silverado filed its initial Rule 91a Motion on September 25, 2014, CR 586:2997. By that date, Plaintiffs had nonsuited all of their federal claims, CR 586:567. Shortly after Silverado's Rule 91a Motion was filed, Plaintiffs nonsuited the four individual defendants sued in their Third Amended Petition, CR 586:3211, and filed their Fourth Amended Petition on October 6, 2014, CR 586:3214.

Because the individual defendants who were movants in the Rule 91a Motion had been nonsuited and "pled out" by not being named as defendants in the Fourth Amended Petition, they withdrew from the Rule 91a Motion. In addition, because

Plaintiffs dropped one of their claims, previously contained in the Third Amended Petition, from their Fourth Amended Petition, Silverado partially withdrew its Rule 91a Motion with respect to the abandoned cause of action. Silverado also replied to Plaintiffs' Opposition to the Rule 91a Motion. CR 586:3514, filed on November 6, 2014. The Hearing on the Rule 91a Motion, conducted on November 7, 2014, RR Vol. 11, thus involved consideration of Plaintiffs' Fourth Amended Petition. This Court is respectfully directed to the Petition Chart, in Silverado's Appendix, Tab 2, for a graphical depiction of the party arrays and claims arrays in the various Petitions filed by Plaintiffs.

The trial court granted Silverado's Rule 91a Motion, by Order signed on November 10, 2014. CR 586:3546. Plaintiffs filed a Motion to Reconsider that ruling on November 17, 2014, CR 567:3617, and Silverado opposed the Motion to Reconsider, CR 567:11516. Following a Hearing on Plaintiffs' Motion to Reconsider, held on December 9, 2014, RR Vol. 12, the trial court signed its Order denying the Motion to Reconsider on January 9, 2015, CR 567:1524.

Notwithstanding the trial court's rulings on Silverado's Rule 91a Motion on November 10, 2014, disposing of multiple counts in the Fourth Amended Petition, Plaintiffs Dom, Mack and Lonny filed a Fifth Amended Petition on December 4, 2014, CR 567:1537. In addition to reasserting at least some of the counts by the three brothers that already had been dismissed with prejudice, Tonya and Carol claimed to

join the lawsuit as additional named Plaintiffs[11] and asserted claims individually, and also purportedly as next friends of Ruby. The previous day, December 3, 2014, Silverado had filed its second Rule 91a Motion, CR 567:1496, seeking to dismiss Plaintiffs' remaining, newly asserted, claim(s) of Breach of Trust and/or Breach of Fiduciary Duty contained in the Fourth Amended Petition filed on October 6, 2014. Plaintiffs opposed the second Rule 91a Motion, CR 567:1481. Responding to the Fifth Amended Petition, filed after its second Rule 91a Motion, Silverado partially withdrew portions of its second Rule 91a Motion and supplemented its request for relief, CR 567:1525. The Trial Court granted Silverado's second Rule 91a Motion, as modified and supplemented, by Order signed on January 9, 2015, CR 567:1531. That Order includes an award for attorneys fees incurred by Silverado related to the second Rule 91a Motion and does not require a further evidentiary hearing to determine the amount of attorneys fees.

Because it had prevailed on its first Rule 91a Motion, Silverado applied for its attorneys' fees and costs under Rule 91a.7. CR 586:3617; CR 567:1509 (supplement to initial request for fees). Plaintiffs objected to that request, CR 567:1481 & 586:3768. At the conclusion of motion practice, including a Hearing conducted on December 9, 2014, RR Vol. 12, on January 9, 2015, the Trial Court signed its Order

---

[11] Tonya and Carol did not appear by intervention, nor did they seek leave to be included as new parties-plaintiff in the Fifth Amended Petition.

granting to Silverado its attorneys fees and costs under the first Rule 91a Motion, CR 567:1514.

Plaintiffs have appealed the Order granting Silverado's initial Rule 91a Motion, signed November 10, 2014; the Order granting Silverado's Rule 91a attorneys fees related to the first Rule 91a Motion, signed January 9, 2015; the Order granting Silverado's second Rule 91a Motion, signed January 9, 2015; and the Order denying Plaintiffs' Motion to Reconsider the earlier Rule 91a decision, also signed on January 9, 2015.

**Argument Regarding Rule 91a Relief.**

Appellants assert in their Issue No. 1 that their Fifth Amended Petition, CR 567:157, filed on December 4, 2014, cures any pleading inadequacies of their Fourth Amended Petition. Appellants' Opening Brief, at pp. 20-23. The first 91a Dismissal Order was signed on November 10, 2014, approximately three weeks before Appellants filed their Fifth Amended Petition. CR 586:3546. Appellants wholly fail to demonstrate how the Trial Court should have considered a pleading not yet filed, in considering the Rule 91a Motion before it, and how its failure to do so constitutes reversible error.

In any event, their argument is unavailing by the express text of several provisions of Rule 91a and by virtue of at least one decision of this Court. "Except as required by 91a.7 [regarding attorney fees], the court may not consider evidence in

ruling on the motion and ***must decide the motion based solely on the pleading of the cause of action***, together with any pleading exhibits permitted by Rule 59." Rule 91a.6.

In addition, because the Rule 91a Motion was filed by Silverado on September 25, 2014, CR 586:2997, the Trial Court was required to grant or deny it within 45 days after it was filed, Rule 91a.3(c), or in this case by November 10, 2014.[12] The Trial Court would have committed error if it had waited to rule on Silverado's Rule 91a Motion to Dismiss until after Appellants filed their Fifth Amended Petition.

To the extent that the Fifth Amended Petition might be considered an attempted amendment to Appellants' causes of action asserted in their Fourth Amended Petition, it was filed too late for Trial Court consideration in the Rule 91a proceeding: "In ruling on the motion, the court must not consider a nonsuit or amendment not filed as permitted by paragraphs (a) or (b)." Rule 91a.5(c). Amendments to the challenged cause of action must be filed at least 3 days before the date of the hearing in order to be considered. Rule 91a.5(b). *Accord, Dailey,* 445 S.W.3d at 790.

Appellants had choices to make in responding to Silverado's Rule 91a Motion. They could nonsuit one or more of the contested causes. They could amend their Petition, timely, before the Hearing. Or, they could stand on their Petition that was

---

[12] The 45th day fell on November 9, 2014, a Sunday. Monday the 10th was the next day that was not a weekend or holiday.

then live, and join issue with the Rule 91a Motion. They chose the latter course, and did not prevail. Their belated filing of their Fifth Amended Petition was an attempted "do over" not permitted by the rules of procedure. Appellants' Issue No. 1 should be overruled.

**Plea to the Jurisdiction.**

In their Issue No. 2, Appellants argue that the allegations contained in their Fifth Amended Petition also precluded the Trial Court from granting Silverado's First Amended Plea to the Jurisdiction, as supplemented. Appellants' Opening Brief, at pp. 24 – 28. Their argument fails, for at least the following reasons.

**Standard of Review: Plea to the Jurisdiction.**

Practice regarding pleas to the jurisdiction is well established. As one appellate court recently stated:

> A plea to the jurisdiction may challenge the plaintiff's pleading, the existence of the jurisdictional facts alleged in the pleading, or both. *Tex. Dep't of Parks & Wildlife v. Miranda, 13*3 S.W.3d 217, 226 (Tex. 2004). "When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Tex. Dep't of Parks & Wildlife,* 133 S.W.3d at 226 "We construe the pleadings liberally in favor of the plaintiffs and look to the pleaders' intent." *Id.* When the defendant challenges the existence of jurisdictional facts, the defendant must meet the summary judgment standard of proof. *Id.* at 228. Under that standard, the defendant must present conclusive proof regarding a jurisdictional fact. *See Tex. Dep't of Parks & Wildlife, 133* S.W.3d at 228; *see also Unifund CCR Partners v. Watson*, 337 S.W.3d 922, 926 (Tex. App.— Amarillo 2011). If the defendant meets this burden, the plaintiff must

present sufficient evidence to show there is a disputed issue of material fact regarding the jurisdictional issue or the plea to the jurisdiction will be sustained. *Tex. Dep't of Parks & Wildlife, 133* S.W.3d at 228; *City of Dallas v. Heard*, 252 S.W.3d 98, 102 (Tex. App.—Dallas 2008).

*Gonzales v. Dallas County Appraisal Dist.*, 2015 Tex. App. LEXIS 6325 (Tex. App. –

Dallas June 23, 2015), at *4.

**Procedural History of Silverado's Plea to the Jurisdiction.**

Silverado filed its initial Plea to the Jurisdiction, responsive to Plaintiffs' Second Amended Petition, on July 25, 2014. CR 586:813. Following Plaintiffs' filing of their Third Amended Petition on August 7, 2014, CR 586:1309, Silverado filed its First Amended Plea to the Jurisdiction on September 25, 2014. CR 586:3006.

Plaintiffs then filed their Fourth Amended Petition on October 6, 2014, CR 586:3214. After a Mediation conducted on October 29, 2014, the Trial Court conducted a Hearing, on November 7, 2014, upon the request by the Attorney Ad Litem and the Guardian Ad Litem to authorize them to execute the Rule 11 / Mediation Settlement Agreement. RR Vol. 11. That authority was granted by Orders signed that same day, CR 586:3541 and CR 567:1386.

Plaintiffs filed their Fifth Amended Petition on December 4, 2014, CR 567:1537, and on December 8, 2014, Silverado filed its First Supplement to its First Amended Plea to the Jurisdiction, CR 567:1509. The Trial Court signed its Order

granting Silverado's First Amended Plea to the Jurisdiction, as supplemented, on January 9, 2015, CR 567:1513.

On April 7, 2015, Silverado filed its Motion to modify the Order that granted its First Amended Plea to the Jurisdiction, as supplemented, CR 567:2128. Plaintiffs challenged that Motion by Opposition filed on April 30, 2015, CR 586:3935. Silverado's Motion was granted, by Order signed on May 12, 2015, CR 567:2133, followed that same day by the signing of a Modified Order granting Silverado's First Amended Plea to the Jurisdiction, CR 567:2135.

**Argument Regarding Plea to the Jurisdiction Proceedings.**

In their Opening Brief, Appellants simply reprint their Issues, Nos. 2, 3 and 4; state in one conclusory sentence that their Fifth Amended Petition "adequately stated facts supporting the court's jurisdiction to grant remedies on their claims [.]," and then copy and paste 9 paragraphs from their Fifth Amended Petition. Appellants' Opening Brief, at pp. 24 – 28. Then again without argument, they simply repeat their assertion that the trial court erred "because their Fifth Amended Petition adequately stated facts supporting the court's jurisdiction to grant remedies on their claims." *Id.* at p. 28. Proceeding as if their arguments somehow are self evident (when they are not), Appellants again state, without argument or authority and in conclusory fashion, that, "[t]herefore, the trial court's Orders granting Silverado's plea to the jurisdiction,

motion to dismiss Appellants' claims for breach of trust and breach of fiduciary duty should be reversed." *Id.*

These Issues, Nos. 2, 3 and 4, are waived by Appellants due to their failure to brief them in a manner reasonably calculated to inform this Court, and Silverado, of the rationale for Appellants' contentions. However, Silverado nonetheless joins issue on the merits, and the following discussion demonstrates that the Trial Court committed no error complained of in these three Issues.

Silverado's First Amended Plea to the Jurisdiction, as supplemented, addresses the impact of the Mediation Settlement Agreement, which ratified the 1993 Power of Attorney and declared ineffective Ruby's alleged attempt to revoke it. CR 567:1509, at 1510. Appellants wholly fail to address this issue in their Opening Brief. Unlike a determination of a Rule 91a Motion, the Trial Court was authorized to consider the entire record in ruling on the Plea. By authorizing the Rule 11 Agreement, which also constituted a Mediation Settlement Agreement that was enforceable and not subject to revocation, Don, Mack and Lonny effectively settled out their ability to sue Silverado on behalf of Ruby because they agreed that the 1993 Power of Attorney was valid and that Ruby's alleged attempt to revoke it was ineffectual. The Trial Court had already ruled on the merits of their individual claims in the first Rule 91a Order, leaving them with no valid claims asserted in their Fifth Amended Petition.

The Trial Court properly concluded that Tonya and Carol lacked standing to assert claims on Ruby's behalf, especially in view of the Mediation Settlement Agreement confirming the 1993 Power of Attorney and appreciating the role and the presence of the court-appointed Ad Litems. On appeal, Tonya presents no argument or analysis to the contrary, but instead only copies some of the allegations of the Fifth Amended Petition to which she was a party.

In their Amended Notice of Appeal, Appellants complain of the Order granting Silverado's Motion to Modify the Order Granting Silverado's First Amended Plea to the Jurisdiction, and also the resulting Modified Order. CR 567:1255 (Items J, K). The Order regarding the First Amended Plea to the Jurisdiction, as finally constituted, dismissed for lack of standing the claims asserted for Ruby by Tonya and Carol, "as next friends or otherwise," and declared that the only persons with such standing were David, Manley or the Ad Litems. CR 567:2135. Appellants wholly fail to address either of those Orders and explain why they contain error, much less reversible error.

Tonya and Carol asserted claims against Silverado individually, but those claims were not disposed of by the Modified Order Granting Silverado's First Amended Plea to the Jurisdiction. Those claims were dismissed, with prejudice, by the Summary Judgment granted in favor of Silverado on May 12, 2015, CR 567:2145, disposing of "all remaining claims" asserted by Plaintiffs. That Summary Judgment is discussed in detail later in this Brief. As is the case for Appellants' request for a

remand to determine their request for Declaratory Judgment, the Summary Judgment Order also dismisses with prejudice the claims asserted against Silverado individually by Tonya and Carol, and Tonya took no appeal from it.

Appellants' Issues No. 2, 3 and 4 should be overruled.

**B.     Did the Trial Court properly award Silverado attorney's fees related to Silverado's Rule 91a Motions to Dismiss?**

In their Issue No. 5, Appellants challenge the Trial Court's award of Rule 91a attorneys fees to Silverado on two broad bases. The first is that, because Rule 91a relief was not properly awarded to Silverado, an attorneys fees award under that Rule also was improper. The second is that the quantum of the award is, for various reasons, improper. Each contention is addressed in this section of Silverado's Brief.

Appellants first appear to contend that their filing of a Fifth Amended Petition, after the Trial Court had already dismissed claims asserted in the Fourth Amended Petition by Don, Mack and Lonny, precluded consideration of attorneys fees under Rule 91a regarding Silverado's earlier, successful, Rule 91a Motion. Appellants' Opening Brief, at pp. 29-30. Appellants cite no authority for this proposition, and none exists. Rule 91a.7 requires an award to a successful party, and that award cannot be defeated by the losing party's filing, after-the-fact, additional pleadings reasserting the causes that have previously been dismissed with prejudice.

Appellants argue alternatively that their claims did not violate Rule 13 or Chapter 10 of the Civil Practice and Remedies Code. *Id.*, at pp. 30 - 31. The Trial

Court's award of attorneys fees to Silverado was pursuant to Rule 91a.7, however, and not as the result of a finding for sanctions under either Rule 13 or Chapter 10. This Court previously has considered whether Rule 91a is a sanctions rule respecting its provisions for attorneys fees and costs, and held at least in part that it is a fee shifting rule. *Guillory v. Seaton, L.L.C.*, 2015 Tex. App. LEXIS 13865, at \*11-20.

Finally, Appellants challenge the evidentiary foundation for the attorneys fees award to Silverado. They do so on the bases of "no evidence," "insufficient evidence" and "excessiveness." Appellants' Opening Brief, at p. 31 - 34. These arguments, in turn, were asserted verbatim by Appellants below, CR 586:3768, at 3769 (beginning with "Silverado filed a Rule 91a motion to dismiss …") and ending with "… usual and customary in the locality." CR 586:3768, at 3775. Appellants have simply copied and pasted the contents of their Objection filed with the Trial Court. In any event their arguments are not well taken.

On December 9, 2014, during the hearing on Silverado's Fee Application, the Trial Court afforded Appellants an opportunity to choose the method by which the fee application and supporting evidence would be considered. The Trial Court offered to conduct a full evidentiary hearing in which lead counsel for Silverado would take the stand and be subject to cross-examination on the itemized invoices and his affidavits Under that procedure, Plaintiffs could preserve objections and the evidence would then be admitted for final *in camera* consideration. The alternative offered by the

Court required agreement by the parties, on the record, that the Application for Attorney Fees Pursuant to Rule 91a Order Entered on November 10, 2014 and First Supplement thereto constituted prima facie evidence of the reasonableness and necessity of Silverado's attorneys' fees subject to Plaintiff's evidentiary objections, if any, filed no later than 5:00 PM on Tuesday, December 16, 2014 at which time all pending briefing and evidence would be considered by submission. Plaintiffs elected not to proceed with a live evidentiary hearing, agreed to the Court's alternative procedure and chose to take advantage of the additional time afforded to them to submit written evidentiary objections. After the Trial Court set 5:00 PM, Thursday December 18, 2014, by which day and time Silverado would be required to respond, if at all, to Plaintiffs' objections, Silverado also agreed to the alternative procedure. *See generally,* RR Vol. 12, pp. 43 – 52.

Therefore, Appellants' Opening Brief complains of matters of procedure, and evidentiary weight, to which they agreed on the record, and about which they cannot now complain. Appellants' Opening Brief fails to provide references to the Record on Appeal for the particular items of Silverado's application for attorneys fees to which they object. For the foregoing reasons, Appellants' Issue No 5 should be overruled.

**C. Does the Order granting Silverado's Motion for Summary Judgment, not appealed by Appellants, preclude their request for a remand to determine the merits of their application for Declaratory Judgment regarding Ruby's 1993 Power of Attorney or for other relief?**

Although many Orders were listed in Appellants' original Notice of Appeal, and in their Amended Notice of Appeal for this case, inexplicably they did not appeal the May 12, 2015 Order Granting Silverado's Motion for Summary Judgment. Silverado's Motion, filed on April 7, 2015, CR 567:2136, asserted traditional and no evidence grounds for summary judgment, and sought to dispose of all of the Plaintiffs' then-remaining claims against it (not previously disposed of by the two Rule 91a Orders and the Order granting Silverado's First Amended Plea to the Jurisdiction, as supplemented) as expressed in the Fifth Amended Petition. The Record on Appeal does not show that Appellants filed a response or opposition to the Motion for Summary Judgment.

The Order granting the Motion for Summary Judgment states that "***all remaining claims by Plaintiffs*** against Defendant Silverado are dismissed with prejudice. All relief not expressly granted herein is denied." CR 567:2145. Appellants' assertion that "the trial court did not grant any motion specifically requesting dismissal of Appellants' declaratory judgment request" is literally true, Appellants' Opening Brief, at p. 35. The Motion for Summary Judgment, however, sought to dispose of ***all*** pending claims for relief in the Fifth Amended Petition asserted by Plaintiffs against Silverado, and in any event the Order Granting Summary

Judgment accomplishes that objective. Because Silverado is the sole defendant in the then-live Petition, it necessarily follows that Appellants' request for declaratory relief must pertain only to Silverado and was disposed of by the Order granting Summary Judgment.[13]

Appellants have failed to appeal the Order Granting Summary Judgment, and have failed to brief any error the Order might represent. Thus they lack any appellate remedy of remand for Trial Court action on their request for a declaratory judgment.[14] They also have abandoned their appeal of the Order in this case approving the Mediation Settlement Agreement, CR 567:1386, which in turn ratifies the 1993 Power of Attorney and vitiates the purported revocation by Ruby in November of 2013. Therefore, Appellants' Issue No. 6 should be overruled.

---

[13] Appellants have appealed on the basis that the May 12, 2015 set of Orders, together with previous Orders, serve as final disposition of all claims in this case for purposes of appeal. If that view (with which Silverado concurs) is not correct, and somehow a "gap" exists that failed to dispose of Appellants' application for Declaratory Judgment, then this appeal, like the one earlier this year, also is premature due to lack of finality and has been a substantial waste of judicial and private resources.

[14] Appellants cannot cure this oversight by seeking to amend their Amended Notice of Appeal. Including an additional Order that was separately appealable is not a correction of a defect or omission. To the contrary, any attempt to do so would simply be a prohibited effort to enlarge the jurisdictional time in which appeals must be taken. *See, e.g.*, *Rainbow Group, Ltd. v. Wagoner*, 219 S.W.3d 485, 491-93 (Tex. App.—Austin 2007).

## **PRAYER**

For the above reasons, this Court should deny Appellants all of the relief they seek against Silverado, and affirm the Trial Court's orders in favor of Silverado from which Appellants appeal. This Court should leave intact the Trial Court's orders from which no appeal was taken or for which appeal has been abandoned by Appellants by failing to brief any issues about those orders. Silverado's appellate attorney's fees, CR 567:1514, should be confirmed and awarded to Silverado by this Court, and all costs of this appeal should be taxed against Appellants. Silverado prays for such other or further relief as this Court may determine to be lawful and proper.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH, LLP

By: /s/ Alan Sanders

P. Alan Sanders
State Bar No: 17602100
Josh Davis
State Bar No: 24031993
Weslayan Tower, Suite 1400
24 Greenway Plaza
Houston, Texas, 77046
(713) 659-6767
(713) 759-6830 – Fax
Alan.Sanders@LewisBrisbois.com
Josh.Davis@LewisBrisbois.com
ATTORNEYS FOR
APPELLEE / RESPONDENT /
DEFENDANT, SILVERADO

## CERTIFICATE OF SERVICE

I certify that a copy of this Opening Brief for Silverado, together with its Appendix, was served on the following record counsel by Certified Mail, Return Receipt Requested, and by the Court's electronic filing and service system, on December 14, 2015.

Philip M. Ross            CM/RRR# 7004 2510 0004 4766 5726
1006 Holbrook Road
San Antonio, Texas 78218
*Attorney for Plaintiffs/Appellants*

Sarah Patel Pacheco      CM/RRR# 7004 2510 0004 4766 5733
Kathleen Beduze
Crain, Caton & James, PC
1401 McKinney Street
1700 Five Houston Center
Houston, Texas 77010
*Attorneys for Carol Manley and David Peterson*

Jill W. Young             CM/RRR# 7004 2510 0004 4766 5740
MacIntyre, McCulloch, Stanfield & Young, LLP
2900 Weslayan, Suite 150
Houston, Texas 77027
*Guardian Ad Litem for Ruby Peterson*

W. Russ Jones            CM/RRR# 7004 2510 0004 4766 5757
Underwood, Jones Scherrer & Malouf, PLLC
5177 Richmond Ave, Suite 505
Houston, Texas 77056
*Attorney Ad Litem for Ruby Peterson*

*/s/ P. Alan Sanders*
P. Alan Sanders

## Certificate of Length and Typeface Compliance

1.      This computer generated Brief complies with the length limitation of TRAP 9.4 because this Brief contains 4,478 words, excluding the parts of the Brief exempted by TRAP 9.4.  The word count was performed by redacting from this Brief, in a duplicate computer file, those portions of this Brief that by Rule are not included in the type-volume limitation, and then accessing the word processing program's word count function.  The undersigned counsel for Appellee / Respondent / Defendant, Silverado, certifies that he believes this methodology substantially conforms with the Rules of this Court.

2.      This Brief complies with the typeface requirements of TRAP 9.4(e) because this Brief has been prepared in a proportionately spaced typeface (Times New Roman) using MS Word 2010, in text font size 14 points and footnote font size 12 points.


*/s/ Alan Sanders*
_____

P. Alan Sanders, Attorney of record for Appellee / Respondent / Defendant, Silverado